## AUDLEY v. JESTER.

(Supreme Court, Appellate Division, First Department.   December 29, 1911.)

1. ACCOUNT STATED (§ 5*)—TRANSACTIONS CONSTITUTING—ATTORNEY AND CLIENT.

An account stated is established by evidence that defendant consulted plaintiff's assignors as to the amount due them for legal services, that they rendered statements to defendant, that he finally acquiesced in the account as presented and made a small payment on account, and subsequently received and retained without objection statements of the same account.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 16, 29; Dec. Dig. § 5.*]

2. ATTORNEY AND CLIENT (§ 123*)—CONTRACTS—VALIDITY.

While agreements between attorney and client are subjected to careful scrutiny, they are enforceable when deliberately entered into, without fraud, mistake, false representation, or other unfair inducement.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 239–245; Dec. Dig. § 123.*]

Appeal from Special Term, New York County.

Action by Henry Audley against Elias T. Jester. From an order granting a new trial, plaintiff appeals. Reversed, and verdict reinstated.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Walter B. Walker, for appellant.
William B. Mumford, for respondent.

SCOTT, J. This is an appeal by plaintiff from an order setting aside a verdict in his favor and granting a new trial. The plaintiff sues, as assignee of a firm of lawyers, upon an account stated between the assignors and defendant, a client. The complaint alleges the rendition of services covering a period of three years, a statement of the account between the parties, the agreement upon a certain sum as the amount due the lawyers, the promise of the defendant to pay, his payment of a small sum on account, and his refusal to pay the balance. The answer consists of a general denial of every allegation of the complaint except the copartnership of plaintiffs.

[1] The evidence presented a typical case of an account stated showing a consultation between the lawyers and defendant as to the amount due them, a statement of the amount which they claimed to be due, a discussion as to the amount and as to defendant's liability for some of the charges, a final acquiescence by defendant in the account as presented, the payment of a small sum on account expressly made to evidence his acceptance of the account, and repeated receipts and retention by him of statements of the account without demur or objection. Defendant neither pleaded nor proved that any unfair advantage was taken by him, or any mistake made, or that the attorneys had been guilty of any fraud or misrepresentation, and, although he had denied in his answer the rendition of any services, he admitted upon the trial that they had rendered services for which he was still indebted to them. The case throughout was tried with great liberality to defendant and was submitted to the jury with a charge to which he found no objection.

The order setting aside the verdict recites that it is made upon the "exceptions taken by the defendant to the court's refusal at the close of the plaintiff's case and at the close of all the testimony to dismiss the complaint and because the verdict is contrary to law." We construe this as meaning that in the opinion of the learned trial justice he should have dismissed the complaint at one stage of the case or the other. If he had done so, on the pleadings and evidence, he certainly would have committed error, for, under the view most favorable to defendant, there were questions of fact for submission to the jury.

[2] The verdict was not in our opinion contrary to law, nor yet contrary to the evidence, and we can discern no reason for disturbing it unless it can be said that the relation of attorney and client forbids an enforceable agreement as to the amount to be paid for past services. There is no such rule at law, and, while agreements between attorney and client are justly subjected to careful scrutiny, they are certainly not incapable of enforcement when deliberately entered into, and untainted by fraud, mistake, false representation, or other unfair inducement. The jury were justified in finding upon the evidence that

the agreement between the defendant and his lawyers was of this character.

The order appealed from must be reversed, and the verdict reinstated, with costs to the appellant.   All concur.