RUDOLPH M. RODKINSON, Respondent, *v.* HENRY J. HAECKER et al., Appellants.

*Attorney and client — services — account stated — evidence — lawyer and client may have an account stated — admittedly correct account becomes account stated — failure to object within reasonable time after receiving statement of account construed as acquiescence in its justness — conclusiveness of account stated — action by attorney to recover from clients for services on account stated — verdict properly directed for plaintiff where only defense was that there could be no account stated between lawyer and client — cross-examination of plaintiff as to reasonableness of his charges properly foreclosed — letter from defendant's attorney showing plaintiff's relationship as counsel properly admitted.*

1. A lawyer and his client may have an account stated between them the same as other persons though it is always open for the client to plead or to show that for some equitable reason it should not be enforced. (*Audley* v. *Jester*, 148 App. Div. 94; affd., 212 N. Y. 573, followed; *Matter of Howell*, 215 N. Y. 466, distinguished.)

2. As a general rule where an account is made up and rendered, he who receives it is bound to examine the same or to procure someone

to examine it for him. If he admits it to be correct it becomes a stated account and is binding on both parties. If instead of an express admission of the correctness of the account, the party receiving it keeps the same by him and makes no objection within a reasonable time, his silence will be construed into an acquiescence in its justness, and he will be bound by it as if it were a stated account. An account stated is conclusive upon the parties unless fraud, mistake or other equitable considerations are shown which make it improper to be enforced.

3. Where, therefore, in an action, attorney against clients, to recover compensation for services, the complaint stated a cause of action on an account stated, alleging that a detailed account had been submitted to the defendants, who made a payment on account and requested time in which to pay the balance, and the defendants did not plead fraud, mistake or overreaching, but set up as their sole defense that as a matter of law there could be no account stated between lawyer and clients, a verdict was properly directed in favor of plaintiff for the balance shown.

4. A contention that it was error for the court to foreclose defendants' cross-examination of the plaintiff as to the reasonableness of the charges, cannot be sustained, where it was insisted by defendants' counsel that as there could be no account stated as a matter of law, there was none as a matter of fact, and, therefore, they could cross-examine the plaintiff as to the reasonableness of his charges, on the basis of *quantum meruit*. The evidence was properly excluded unless it was for the purpose of showing that there was no account stated between the parties as a matter of fact, or else that the amount was so unconscionable as to call for relief.

5. On another cause of action for services rendered as counsel to defendants' attorney, a letter from the attorney to plaintiff was properly received in so far as it bore upon the plaintiff's relationship with the attorney and the services he was rendering in connection with the litigation, though statements therein as to the efficiency of plaintiff's work should have been excluded.

*Rodkinson* v. *Haecker*, 223 App. Div. 710, affirmed.

(Argued June 13, 1928; decided July 19, 1928.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 25, 1928, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

**31**

*David G. McConnell* for appellants. Where services are rendered by an attorney subsequent to his employment by clients, in the absence of an express agreement, the attorney cannot recover for the services on the theory of account stated, but must prove the reasonable value of the services rendered. (*Steele* v. *Hammond,* 136 App. Div. 667; *Matter of Howell,* 215 N. Y. 466; *Cooper* v. *Conklin,* 197 App. Div. 205; *Stern* v. *Hyman,* 182 N. C. 422; *Ridge* v. *Healy,* 251 Fed. Rep. 798; *Porter* v. *Bergen,* 54 N. J. Eq. 405.) The court erred in refusing to admit evidence with respect to the nature and character of the services rendered by respondent to his clients, the appellants, and also the results of litigation instituted by respondent in their behalf. (*Clare* v. *Kelley,* 188 App. Div. 665.) The court erred in admitting a letter sent by the attorney of record, the respondent being the counsel for appellants at the time of the receipt of the letter. (*Steber* v. *Palm Knitting Co., Inc.,* 206 App. Div. 439; *Ives* v. *Ellis,* 169 N. Y. 85; *Tredwell* v. *Doncourt,* 18 App. Div. 219; *Stinesville & B. Stone Co.* v. *White,* 32 Misc. Rep. 135; *Matter of Reinhardt,* 95 Misc. Rep. 413; *Turner* v. *Northwestern Mut. Life Ins. Co.,* 232 N. Y. 171.)

*Joseph Sterling* for respondent. An account stated may be had between attorney and client. No error was committed in the court's evidentiary ruling concerning the account stated. (*Case* v. *Hotchkiss,* 37 How. Pr. 283; *Audley* v. *Jester,* 148 App. Div. 94; 212 N. Y. 573; *Cooper* v. *Conklin,* 197 App. Div. 205; *Clare* v. *Kelley,* 188 App. Div. 665; *Parsons* v. *Segno,* 187 Cal. 260; *Ida County Savings Bank* v. *Johnson,* 156 Iowa, 234; *Beals* v. *Wagener,* 47 Miss. 489; *Werner* v. *Knowlton,* 107 App. Div. 158; *Pos* v. *Brooklyn Heights R. R. Co.,* 195 N. Y. 62; *Petersen* v. *Ocean Electric Ry. Co.,* 161 App. Div. 720.) After the litigation or service to be performed by the attorney is completed, the client being *sui juris* and fully informed as to the business transacted, a contract for com-

pensation entered into at that time will be upheld. (*Kidd v. Williams*, 132 Ala. 140; 1 Story's Eq. Juris. [14th ed.] § 436; *Phillips* v. *Overton*, 4 Hay [Tenn.], 291; *Bibb* v. *Smith*, 1 Dana [Ky.], 580.) The court properly admitted in evidence the letter of Wilkinson to the plaintiff. (*Tredwell* v. *Doncourt*, 18 App. Div. 219; *Stinesville & B. Stone Co.* v. *White*, 32 Misc. Rep. 135; *Matter of Reinhardt*, 95 Misc. Rep. 413; *Ives* v. *Ellis*, 169 N. Y. 85.)

CRANE, J. The plaintiff is a lawyer. He has sued to recover compensation for his services. Defendants were stockholders in the Sylvan Electric Baths, Inc., holding a majority of the preferred stock and the minority of the common stock. They got into a dispute with one Bueckle, another stockholder, who had obtained control of the corporation, and was working it either to his own advantage or to the disadvantage of the defendants. The plaintiff was consulted and retained. Thereafter, in behalf of the defendants, he commenced proceedings in the Supreme Court of Kings county to set aside the election of directors. A directors' action was also instituted against Bueckle and others and a third action instituted for fraud and deceit. One of these proceedings was discontinued, another was decided adversely to the defendants on the trial and on appeal, and another was pending at the time that the defendants settled their difficulties with Bueckle and disposed of their stock.

The plaintiff was first consulted in January of 1924, his services as attorney continuing until May of 1925, when he was substituted of record by one James E. Wilkinson. Thereafter, until October, 1926, the plaintiff acted as counsel in association with said Wilkinson. On the latter date his relations with the defendants were severed.

On June 1, 1925, plaintiff sent to his clients a full itemized statement of his account showing the charges for

his services and disbursements and a balance due over and above the amounts received. At the same time he wrote a letter in which he explained the reason for and the amount of the charges. On July 9, 1925, one of the defendants, acting for himself and the others, acknowledged the receipt of the account and inclosed a check for $500 with the following statement: " I am enclosing $500.00 on account to be followed with another payment." On September 1, 1925, the plaintiff sent another statement of his account, giving credit for the amount of $500. The balance due was $2,518.25. Thereafter, on October 1, November 1, and December 1 and December 31 of 1925 and January 30, 1926, statements of this account were sent to and received by the defendants, all showing the balance due as of September 1, 1925, in the amount of $2,518.25. On February 13, 1926, the defendants in response to these bills paid $1,000 more on account, and on May 14, 1926, the defendant H. J. Haecker wrote the plaintiff asking for more time in which to pay the balance. His letter reads:

" Much as I have wanted to pay my share of the costs of our action against Bueckle, I am to-day so completely broken by the unusual circumstances during the past two years, that I find myself for the present so short of available cash that I must ask for time."

On this state of facts the attorney in bringing this action alleged as his first cause of action an account stated as of September 1, 1925, for the balance due as of that date less the thousand dollars paid February 13, 1926. As these facts were conceded and the services rendered by the plaintiff with the exception of their value not denied, the trial justice directed a verdict in favor of the plaintiff for this balance. His action has been challenged on appeal upon the ground that as between an attorney and his client there cannot be as matter of law an account stated.

An account stated is nothing more or less than a con-

tract express or implied between the parties. It is an agreement which they have come to, regarding the amount due on past transactions. The objection of the appellant, therefore, goes to the extent of saying that no contract can be made as to fees between a lawyer and his client, once the relationship has been established.

As a general rule where an account is made up and rendered, he who receives it is bound to examine the same or to procure someone to examine it for him. If he admits it to be correct it becomes a stated account and is binding on both parties. If instead of an express admission of the correctness of the account, the party receiving it keeps the same by him and makes no objection within a reasonable time, his silence will be construed into an acquiescence in its justness, and he will be bound by it as if it were a stated account. An account stated is conclusive upon the parties unless fraud, mistake or other equitable considerations are shown which make it improper to be enforced. (*Lockwood* v. *Thorne*, 11 N. Y. 170, p. 174.) While the doctrine of account stated had its origin in the transactions of merchants (*Freeland* v. *Heran, Lenox & Co.*, 7 Cranch [U. S.], 147), it has since been extended to embrace transactions between other persons. (*Stenton* v. *Jerome*, 54 N. Y. 480; *Anding* v. *Levy*, 57 Miss. 51, 62, 63 and 64.)

Has it been extended, or can it be extended to include the transactions between an attorney and his client? As I have stated, if the doctrine does not apply to this relationship, then no lawyer can make any contract with his client for his compensation or for additional compensation after the employment has once commenced. In this case which we are considering, an itemized statement was received by the client, in fact five statements, all showing the balance due. The receipt of the bills was acknowledged and payment made on account, with a promise to pay the balance at a later day. If under these circumstances the court or a jury may examine into the reason-

ableness of the charges because the doctrine of an account stated cannot apply to a lawyer and his client, then for the same reason a contract to pay a certain amount for future services, once the relationship is established, is not binding and the reasonableness of it may be inquired into by the courts. The reason given for such a claim is that the confidential relationship existing between the attorney and client, once the relationship has been established, prevents the lawyer from making any contract with his client enforcible by the courts. The utmost that he can do is to charge upon the basis of a *quantum meruit* except where he has made a contract for his services before employment.

For this position the appellant has found some authority. The Appellate Division of the second department, in *Cooper* v. *Conklin* (197 App. Div. 205), held that there could not be an account stated between an attorney and his client. The court said:

" The underlying reason for the rule is that the relations between attorney and client are so confidential and the client relies so fully upon his attorney for the protection of his legal rights and is by the nature of their relations so subject to the advice of the attorney that in all such contracts the attorney cannot rely upon the face of the agreement itself, but is compelled by the law to show, in addition thereto, that the contract is fair and reasonable and that the client was fully informed of all the facts which enabled him to judge its fairness and reasonableness. No reason is perceived why this rule of law is not as applicable to a contract which is a result of the implied acceptance by the client of an account rendered by the attorney for the value of his legal services, as to any other contract between them, whether written or oral."

On the other hand, the Appellate Division of the first department, in *Audley* v. *Jester* (148 App. Div. 94), decided the other way. This case is not referred to in the

*Cooper* case, decided ten years later. SCOTT, J., writing for the court in the *Audley* case, said:

" The evidence presented a typical case of an account stated, showing a consultation between the lawyers and defendant as to the amount due them; a statement of the amount which they claimed to be due; a discussion as to the amount and as to defendant's liability for some of the charges; a final acquiescence by defendant in the account as presented; the payment of a small sum on account expressly made to evidence his acceptance of the account; and repeated receipts and retention by him of statements of the account without demur or objection. Defendant neither pleaded nor proved that any unfair advantage was taken by him or any mistake made, or that the attorneys had been guilty of any fraud or misrepresentation. * * *

" The verdict was not, in our opinion, contrary to law, nor yet contrary to the evidence, and we can discern no reason for disturbing it, unless it can be said that the relation of attorney and client forbids an enforcible agreement as to the amount to be paid for past services. There is no such rule at law, and while agreements between attorney and client are justly subjected to careful scrutiny, they are certainly not incapable of enforcement when deliberately entered into and untainted by fraud, mistake, false representation or other unfair inducement."

The *Audley* case was affirmed by this court without opinion (212 N. Y. 573). We, therefore, have taken the position that there can be an account stated between a lawyer and his client for the amount of compensation due for services rendered. The facts of this case are not to be distinguished from those in the *Audley* case. We have here a detailed account submitted to the client, payment on account and a promise to pay the balance, or rather a request for time in which to pay it. The defendants in this case did not plead fraud, mistake or overreaching; but conceded on the trial and concede in their brief that

they have no such defense. The sole defense is that there was no account stated. The answer was a general denial. On the trial defendants' counsel frankly stated that this denial in the answer meant that as a matter of law there could be no account stated; the answer was not intended to mean that there was no account stated, if such a doctrine was applicable to attorney and client.

The appellant recognized the force of the *Audley* case and also that of *Werner* v. *Knowlton* (107 App. Div. 158), which is to the same effect, the opinion being written by HISCOCK, J., later chief justice of this court. The appellant says, however, that these cases have been overruled by this court in *Matter of Howell* (215 N. Y. 466, 472). What was there said, however, had particular reference to the facts of the case as they appeared at the end of the trial. The client was an elderly lady, some seventy years of age, and from the evidence taken before the referee, it was quite apparent that she did not fully know or understand the nature and the consequences of the contract which she signed or the meaning of the allowances to be made by the court. The rule was there restated that contracts between attorney and client must be fair and reasonable and fully known and understood by the client. The claim of the attorney was opposed as not meeting these requirements. Here, however, in this case, we have no claim made by the defendant that there was any fraud or mistake or misunderstanding or overreaching. The defendants were men of mature years, conversant with business affairs and with the nature of the services which had been rendered by their attorney. There is no claim in the answer or upon the trial that when they promised to pay the lawyer's bill they did not know or understand what it was all about, or the amount of the charge. As stated before, the sole defense is that a lawyer cannot make a contract with his client to pay for past services; that there can be no statement of the accounts between them; that any

such agreement must be set aside by the court, and the lawyer's charges limited to such fees as he proves to be fair and reasonable. No doubt charges may be so excessive as to lead to the inference that there has been some unfair dealing or overreaching on behalf of the lawyer; there is no such claim, however, made in this case. No departure was made in the *Howell* case from the ordinary rules of equity as they are applied to the varying circumstances of each case. We must always start with the facts. There is frequently a tendency to discuss principles and burdens disconnected from the facts; to theorize. Matters look differently when we confront the actual happenings. Facts must come first before we can apply the law. Our laws and explanations are after all merely generalized statements of fact.

As a general principle, a lawyer may make a contract with his client either for future or past services. Such a contract for compensation will be enforced unless it appears to have been procured by fraud, deceit, overreaching, undue influence, or through any other means which would move a court of equity to modify or set it aside. The circumstances may be many, which would prevent the enforcement of the agreement. No one can undertake to specify the instances. Sufficient to state that no undue advantage can be taken of the relationship or of the circumstances or of the client to procure such a contract. The courts are very sensitive of the honor of the bar. Transactions between a lawyer and his client must be fair. Unless unreasonable upon its face, the contract, however, like any other contract is presumed to be fair until the contrary appears. It is a matter of proof. Seldom, if ever, can a contract be sued upon without the circumstances of the transaction appearing. A lawyer and his client may have an account stated between them the same as other persons. It is always open, however, for the client to plead or to show that for some equitable reason it should not be enforced.

Equity is a patient listener to all such charges, examines them carefully and thoroughly. When groundless, however, the contract or the account stands.

As before stated, the defendants here took no such position. Their only defense was that there was no account stated because at law such a thing was impossible. There was no claim of circumstances calling for equitable relief.

The appellant further claims that it was error for the court to foreclose his cross-examination of the plaintiff as to the reasonableness of the charges. Under their general denial, the defendants, no doubt, could prove the unreasonableness of the charges in support of the claim that there was no account stated as a matter of fact. (*Clare* v. *Kelley*, 188 App. Div. 665.) The difficulty with the appellants' position, however, is that they did not desire such proof for any such purpose; they conceded that the facts proved an account stated provided there could be such a thing between a lawyer and his client. They insisted before the trial court that as there could be no account stated as a matter of law, there was none as a matter of fact, and, therefore, they could cross-examine the plaintiff as to the reasonableness of his charges, as the only basis of the plaintiff's recovery would be on *quantum meruit.* In this counsel was in error. The evidence was properly excluded unless it was for the purpose of showing that there was no account stated between the parties as a matter of fact, or else that the amount was so unconscionable as to call for relief.

On a third cause of action which was brought to recover for the value of services furnished to Wilkinson and these defendants as counsel, the plaintiff offered in evidence a letter written by Wilkinson to him in reference to the cases. In this letter he happened to state: " I am going to throw my whole heart and soul into the argument and know that we must win; but unquestionably the man who will be entitled to the credit will be

yourself." This letter was properly received in evidence, as bearing upon the plaintiff's relationship with Wilkinson and the services he was rendering him in connection with the litigation and the pending cases. These statements regarding the efficiency of the plaintiff's work might very well have been omitted. I think they should have been excluded. However, all the facts regarding the litigation appeared in evidence and the results of that litigation were before the jury, either from the oral testimony or else from the correspondence between the parties. These rather hopeful statements of Wilkinson could have had little or no effect upon the recovery.

Upon the whole, this case was properly disposed of by the trial court. The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.