GEORGE SCHULTZ, Appellant, v. WALERYA SCHULTZ, Alias WALERYA DEWEY, Alias VIOLA DEWEY, Alias WALERYA DYSZKEWICZ, and JEAN DEWEY, Respondents. — Order reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Conveyance of the premises by defendant Schultz to her infant daughter, for a nominal consideration only, creates a presumption of fraud. If there is any equity in the premises, it is wholly insufficient to satisfy the plaintiff's judgment. The defendants are irresponsible and are occupying a part of the premises free of rent and we think that this is a proper case for the appointment of a receiver *pendente lite* under section 1194 of the Civil Practice Act, to preserve the property, collect the rents, and conserve the interests of all until this judgment creditor's action can be determined. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

JOHN SCHWIND, Respondent, v. HARRIET F. SILVERMAN, Appellant.— Order denying defendant's motion to strike action from the jury calendar and to set case down for a non-jury trial reversed upon the law, with ten dollars costs and disbursements, and motion granted. The right to a jury trial was waived under section 426, subdivision 5, of the Civil Practice Act.█ Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

HYMAN SMITH, Appellant, v. JACOB LOONIN and Others, Copartners, Doing Business under the Firm Name and Style of BROOKLYN HARDWARE COMPANY, Respondents.— Judgment reversed upon the law and the facts and a new trial granted, costs to abide the event. We are of opinion that the questions relative to ambulance chasing were prejudicial to plaintiff and that, therefore, a new trial should be granted even though no objection was made to the questions. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

STATEN ISLAND SHIPBUILDING COMPANY, Appellant, v. VIKING CONCRETE FORMS, INC., Respondent.— Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to file an amended complaint herein within five days from service upon the attorney for the plaintiff of a copy of the order to be entered herein. We are of opinion that the complaint is defective in that it contains no allegation of an admission of the correctness of the account or the rendition of it to the defendant without objection within a reasonable time so that its silence will be construed into an acquiescence in its justness. (*Rodkinson* v. *Haecker*, 248 N. Y. 480, 485.) Lazansky, P. J., Young, Hagarty and Tompkins, JJ., concur; Carswell, J., dissents and votes to deny the motion, with the following memorandum: I think the complaint is sufficient. The allegation, the omission of which is claimed to constitute a defect, is a conclusion of law. The facts upon which it may rest are stated.