HAROLD G. TOBEY and Another, Plaintiffs, *v.* RICHARD M. NELSON, Defendant.

Supreme Court, Columbia County, February 7, 1934.

---

* Revd., 264 N. Y. 144.

*George H. Rothlauf,* for the plaintiffs.

*Charles E. Brennan,* for the defendant.

SCHENCK, J. Plaintiffs are jointly engaged in the practice of medicine and surgery in the city of Boston. It appears from the affidavits accompanying the motion papers that in December, 1928, the plaintiff Dr. Harold G. Tobey was engaged by the defendant, on the advice of a Doctor Young, to perform certain medical and surgical services for his infant son, who was apparently suffering from a single mastoid. He treated defendant's infant son until about January 6, 1929, when he advised the defendant and Doctor Young that an operation was necessary and stated to Doctor Young that he was unable to perform same, and advised him to call in his brother, the plaintiff Dr. George L. Tobey, Jr., for that purpose. At the request of said Doctor Young, the plaintiff Dr. George L. Tobey, Jr., performed a single mastoid operation on January 8, 1929. It is alleged that the consent of the parents of the said infant was first obtained, this seemingly being a requirement of the authorities of the hospital at which the operation was performed. The plaintiffs rendered a bill to the defendant, which included the services rendered by both. The defendant claims that he never engaged Dr. George L. Tobey, Jr., to render any medical or surgical service and that he never consented that Dr. George L. Tobey, Jr., perform the operation, but that he did engage Dr. Harold G. Tobey to perform such service. The two questions here presented are: (a) That of the liability of defendant for the services performed by plaintiff Dr. George L. Tobey, Jr., and (b) the value of the services.

Attached to the motion papers is a copy of a letter written by the defendant to " Dr. Tobey " under date of June 25, 1929, in which he states that he feels " terribly about not having taken care of your

bill before," and that as soon as market conditions brighten up he will " straighten up our affairs with you." Thereafter, under date of April 12, 1930, defendant wrote " Dr. Tobey " that upon his return from a trip he found three letters from a collection agency regarding the account, and ends his letter with this paragraph:

" You can rest assured that you will be paid in full if you will be patient with me. I am enclosing a small check for $50 which may help a little and I will try and gradually reduce the bill by sending you a small payment from time to time."

Defendant in his affidavit alleges that he " never received the bill for Three Hundred Fifty ($350.00) Dollars which is attached to and made part of the motion papers," but does not aver that he never received a bill for $350.

It is inconceivable that the defendant did not know what doctor was to perform the operation upon his son. It is inconceivable that he had no knowledge as to who was treating and caring for his son during the period of convalescence after such an operation. Ordinary paternal interest would have compelled a father to ascertain these facts in the circumstances. The plaintiff Dr. Harold G. Tobey, Jr., had attended the infant son. The plaintiff Dr. George L. Tobey, Jr., had successfully performed a serious operation. The plaintiffs are partners in the practice of their profession. Had the services been performed without the consent or knowledge of the defendant, he would still be liable. (*Matter of Sherman*, 6 Penn. Co. Ct. Rep. 225.)

While my attention has been called to no reported cases in this jurisdiction, it is pertinent here to note the language in *Matter of Sherman* (*supra*), where the court, allowing a similar claim, said: " If the right in the consulting physician to compensation for this service is without legal merit, then the law is a reproach to conscience. That it has not been passed upon hitherto, means nothing; or rather, it means that it has never been questioned, any more than the right of the physician to charge his patient with the drugs he has purchased, or the nurse he has hired for him, when drugs and nursing were indispensable to his recovery."

It will be noted that in *Matter of Sherman* the patient was attended by a physician who subsequently, and without his consent or knowledge, called another physician in consultation.

As to the value of plaintiffs' services, there has unquestionably been an account stated. The defendant does not deny that he received a bill covering the services of both of the plaintiffs in the sum of $350. He does deny that he received " the bill for Three Hundred Fifty ($350.00) Dollars which is attached to and made a part of the motion papers." This is not equivalent to an allegation

that he never received a bill for $350. Defendant in his letters admits having received a bill as well as letters from a collecting agency, and admits that the sum is justly due and owing, and has made a payment of $50 on account with a promise to pay the bill in full. In his answering affidavit he does not allege that he ever received a bill in a less sum, and the inescapable conclusion is that the bill to which he refers in his letter was in the sum of $350.

Where an account is rendered, the person receiving it is bound to examine it, and if he admits it to be correct it becomes an account stated and binding on both parties and is conclusive unless fraud and mistake or other equitable considerations are shown which make its enforcement improper. (*Rodkinson* v. *Haecker*, 248 N. Y. 480.)

Order may be entered striking out the answer of defendant and for judgment, together with ten dollars costs of motion.