WALTER HALL, Appellant, v. FRED HERMAN, Respondent.— Judgment and order affirmed, with costs. All concur, except Larkin, J., not voting. (The judgment is for defendant for no cause of action in an automobile negligence action. The order denies a motion for a new trial.) Present — Cunningham, P. J., Taylor, Dowling, McCurn and Larkin, JJ.

MARY C. HALL, Appellant, v. FRED HERMAN, Respondent.— Judgment and order affirmed, with costs. All concur, except Larkin, J., not voting. (The judgment is for defendant for no cause of action in an automobile negligence action. The order denies a motion for a new trial.) Present — Cunningham, P. J., Taylor, Dowling, McCurn and Larkin, JJ.

SAM BERGER, Respondent, v. DAVID D. LEVITT, Appellant.— Judgment modified in accordance with the memorandum and as modified affirmed, without costs of this appeal to either party. Memorandum: The complaint set forth two causes of action, one for money loaned to the defendant and another on an account stated between the parties involving the money loaned as specified in the first cause of action. Both causes of action were submitted to the jury without objection or exception on the part of the plaintiff. The jury returned the following verdict, " We find for plaintiff $705.00, plus interest ". If the verdict were rendered on the first cause of action, the plaintiff would be entitled to interest from January 1, 1932. If the verdict were rendered on the second cause of action, the plaintiff would be entitled to interest only from March 1, 1940. An account stated is an agreement to which the parties have come regarding the amount due on past transactions. (*Rodkinson* v. *Haecker*, 248 N. Y. 480.) The plaintiff made no claim in his complaint or at the trial that the account stated was to bear interest for any period prior to March, 1940. Since the jury did not specify on which cause of action its verdict was based or the date from which interest was to be computed, the clerk had no power or authority to compute interest from January 1, 1932, and add it to the verdict. Since we can not tell on which cause of action the verdict rests, we conclude that no interest should be allowed for the period prior to March 1, 1940 (*Roberts* v. *Larsen*, 262 App. Div. 764). We think the question as to the allowance of interest was sufficiently raised by moving to set aside the verdict on the pertinent grounds specified in section 549 of the Civil Practice Act. All concur, except Larkin, J., not voting. (The judgment is for plaintiff in an action to recover money loaned.) Present — Cunningham, P. J., Taylor, Dowling, McCurn and Larkin, JJ.

STEPHANIE M. PAWLOWSKI, Respondent, v. ANTHONY C. PAWLOWSKI, Appellant.— Judgment modified by reducing the amount of alimony from $2,200 per year to $20 per week and as modified affirmed, without costs of this appeal to either party. All concur, except Larkin, J., not voting. (The judgment is for plaintiff in a proceeding to recover judgment for arrears in alimony and for a modification of a divorce decree.) Present — Cunningham, P. J., Taylor, Dowling, McCurn and Larkin, JJ.

THOMAS MOCKLER, Respondent, v. WILLIAM H. MORSE, Appellant.— Judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict is against the weight of the evidence. All concur, except Larkin, J., not voting. (The judgment is for plaintiff in an action for damages for breach of an alleged warranty on the sale of a cow.) Present — Cunningham, P. J., Taylor, Dowling, McCurn and Larkin, JJ.

MARGARET WALSH, Respondent, v. JAMES P. KEENAN, Appellant, et al., Defendants.— Motion for reargument denied, with ten dollars costs; motion