Dye, J.
(dissenting). I dissent and vote to affirm. No one disputes that an attorney’s compensation for services rendered a litigant is governed by agreement (express or implied) — the amount of which is not restricted, except in certain situations not pertinent here (Judiciary Law, §§ 474-475). Nonetheless, when such compensation is made contingent on the amount of any recovery it “ should be reasonable under all the circumstances of the case, including the risk and uncertainty of the compensation, but should always be subject to the supervision of a court, as to its reasonableness ”. (Canons of Professional Ethics, 12,13; Audley v. Jester, 148 App. Div. 94, affd. 212 N. Y. 573.)
While this controversy concerns fees allegedly due under a stipulation of substitution between Mathew Vener, Esq., and the appellant, it nonetheless may be scrutinized by the court as having been made in respect and in place of a contingent fee retainer.
Under the original contingent retainer appellant was to get 50% “ of all sums received or recovered by me by suit, settlement or otherwise ”, By the stipulation the appellant’s contingent retainer was reduced from 50% to 20% of the gross recovery, plus disbursements amounting to $67.15. In due time the case was set down for a settlement conference before Mr. Justice Benjamin, prior notice of which was given to the appellant which he chose to disregard in reliance on his stipulation retainer agreement. At that conference the case was settled, by and with the approval of the court, for $75,000 which included disability compensation payments voluntarily made by the *642 workmen’s compensation carrier amounting to $9,215.23. As part of the settlement arrangement the learned court fixed the amount payable to both attorneys at one third of the amount to be paid in settlement, with the proviso that such percentage should not attach to the sums repaid to the insurance carrier for its advances. Mr. Vener consented to the allowance to him but the appellant, not being present, did not. When the settlement checks and notes were presented to appellant for his signature, he refused to endorse them and demanded that he be paid the share specified in the stipulation of substitution. Mr. Vener then moved before Justice Benjamin for an order compelling the appellant to sign and the appellant moved to have his attorney’s lien established. Mr. Justice Benjamin then held a hearing for the purpose of ascertaining the extent, nature and character of the services performed by appellant. At the hearing the appellant appeared and testified that he had not kept any record of his time or services, but estimated that he had spent about one hour getting the retainer signed; another 10 minutes inspecting the police blotter; about “three or four hours ” going to Bichmond Hill to interview a witness; that about an hour had been spent trying to get a statement out of another witness who refused to sign; about three hours outlining and dictating the complaint; about five hours on a bill of particulars — an estimate he was not sure of — for, to quote: “I don’t remember exactly. I didn’t mark down the time. I didn’t contemplate this.” He was equally uncertain and vague as to the number of telephone calls made, the time spent on interviews because, as he said, “It’s very difficult. * * * I didn’t keep a record.” His alleged services rendered in connection with the examination before trial disappeared when it developed that such examination had, in fact, been conducted by the substituted attorney, Mr. Vener. At the conclusion of the hearing, the learned court rendered an oral decision in which he noted that the original retainer had called for 50% of the whole amount recovered and reiterated his view previously expressed that to include compensation payments under the circumstances “involving these grievous injuries, is unreasonable, unconscionable, oppressive and is void as contrary to public policy and wholly unenforcible as a matter of equity and a matter of law ”. He summed up the amount of services rendered, noting the short period of time *643 spent in hours and the character of the work performed which, in his estimate would justify “ but a minimum of payment ”. He then ruled that, under all the circumstances, the total attorneys’ fees, of one third of the net recovery would be “ fair and reasonable ”, which he directed be apportioned one third to appellant and the balance to Mr. Vener. The appellant, as an officer of the court, would have us hold that unless his contingent contract is tainted with fraud and overreaching, the courts are without power to do other than see that it is upheld and enforced in accordance with the settled rules of contract law. The appellant does not complain that the amount allowed by the court is in any way unreasonable, inadequate or disproportionate to the value of the services actually rendered, but rests his case solely on legalistic grounds. The Appellate Division’s unanimous affirmance of Mr. Justice Benjamin’s ruling placed its seal of approval thereon as being within the scope and reach of his inherent judicial power to scrutinize contingent fee contracts made in connection with personal injury cases, including contracts substituted therefor, and that such power had been properly and reasonably exercised.
Under all the circumstances of this case we cannot say, as matter of law, that the courts below lacked jurisdiction or power to deal with the controversy presented and that in dealing with it as they did that they acted contrary to law or in an abuse of discretion. I concur with Judges Fuld and Van Voorhis.
The order appealed from should be affirmed, with costs.