◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID SIEGEL, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting appellant of endangering the health and morals of a child and of assault in the third degree, and from the sentence imposed. Judgment reversed on the law and the facts and a new trial ordered. The only witness who could testify as to the commission of the crime charged against appellant was the complaining witness, an eight-year-old child, who testified on the trial as to details of the alleged offense which were at variance with the facts alleged in the information. Appellant's attorney was, in our opinion, unduly restricted in his cross-examination of the arresting officer from inquiring as to the details of the story told to him by the complaining witness, prior to the arrest. He was thus prevented from establishing the discrepancy, if such there was, between the testimony given on trial and the statement previously made. Furthermore, evidence was adduced through the testimony of the arresting officer and the father of the infant complainant that she had, on the occasion of the arrest, identified appellant as the person who had committed the crime, and had stated in his presence that he was the man. There was no evidence of any admission by appellant as the result of this accusation. Although this evidence was not objected to, it was error to receive it (*People* v. *Trowbridge,* 305 N. Y. 471; *People* v. *Infantino,* 224 App. Div. 193), and we do not believe, on consideration of the close question of identification presented by the conflicting evidence and of the restriction of the cross-examination of the arresting officer, that it should be disregarded. A new trial is required in the interest of justice. No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment. Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.