■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES JENKINS, Appellant.— Judgment of conviction, insofar as it convicts defendant of the crime of robbery in the first degree in violation of section 2124 of the Penal Law reversed, on the law and the facts, and new trial granted; and judgment convicting the defendant of carrying a dangerous weapon as a felony in violation of subdivision 3 of section 1897 of the Penal Law, including the sentence thereon as a second felony offender of 10 to 14 years, unanimously affirmed. The testimony of the police officers as to the prior hearsay identification of the defendant by the alleged victim of the

robbery was inadmissible. (Code Crim. Pro., § 393-b.) Particularly, the matter of the identification of the defendant by the alleged victim at the police station was not and could not properly be an issue in the case. The receipt of the officer's testimony with respect to such identification and the trial court's reference to the same in its charge were prejudicial error and such error, upon the record here, requires that we reverse the robbery conviction and direct a new trial, even in the absence of objection by defendant. (See *People* v. *Trowbridge,* 305 N. Y. 471; *People* v. *Jung Hing,* 212 N. Y. 393; *People* v. *Thompson,* 16 A D 2d 705; *People* v. *Alexander,* 13 A D 2d 520; *People* v. *De Jesus,* 11 A D 2d 711; *People* v. *Siegel,* 4 A D 2d 680.) The defendant's conviction upon the weapon's charge, however, rests upon abundant and very credible evidence, and there is no reasonable probability that the erroneous testimony and the statements of the court affected the jury's verdict on this charge. As to the conviction thereon, the error may and should be disregarded. (See *People* v. *Alexander, supra.*) Concur — Botein, P. J., Stevens and Eager, JJ.; McNally and Steuer, JJ., dissent in the following memorandum by Steuer, J.: I dissent insofar as the judgment of conviction of the crime of robbery is reversed. The peculiar circumstances of this case presented an issue as to whether the complaining witness had identified the defendant prior to the trial. This is distinct from an issue as to whether her identification of the defendant on the trial as the person who held her up is correct. On the latter issue, the cases cited in the majority opinion would apply. But on the issue actually presented here — the fact of her prior identification — anyone who witnessed the prior identification would be competent to testify. Consequently I vote to affirm.