■ ROSENBLUTH & WOLEN, Respondent, v. ARNOLD WEISSBERGER et al., Appellants.— Judgment, Supreme Court, New York County, entered December 4, 1973, in favor of plaintiff, insofar as appealed from, unanimously reversed, on the law and on the facts, with $60 costs and disbursements of this appeal to abide the event, the second cause of action dismissed, a new trial directed on the twelfth cause, and said causes severed. The first two causes of action (predicated on the theories of breach of contract and account stated, respectively) sought recovery for legal services rendered to all of the corporate defendants based, primarily, on an alleged oral extension of an annual retainer agreement. The eleventh and twelfth causes sought similar relief in connection with legal services performed for some of the defendants, covering another period and in connection with other, apparently unrelated, matters. The jury returned verdicts for plaintiff only on the causes pleading a stated account. However, in connection with the second cause, the evidence adduced clearly shows that the defendants disputed the asserted verbal extension of the retainer agreement; thereby precluding a finding that a binding, enforceable agreement existed between the parties. (*Rodkinson* v. *Haecker,* 248 N. Y. 480; 1 N. Y. Jur., Accounts and Accounting, § 5.) A retrial of the twelfth cause is required because of the trial court's instruction

to the jury that it render a general verdict for or against the plaintiff with respect to all of the defendants against whom recovery was sought. While we recognize the understandable desire of the Trial Judge to avoid requiring the jurors to itemize the quantum of each defendant's liability, and to leave for separate suit the issue of contribution, the effect of his charge was to prevent the jury from exonerating any of said defendants. On the record before us, a question of fact was raised as to whether some of the defendants should have been exculpated; and they were wrongfully deprived of their right to have the jury resolve such issues. Concur — Nunez, J. P., Murphy, Lupiano, Tilzer and Lane, JJ.