■ W. R. HAUGHTON TRAINING STABLES, INC., Appellant, v MIRIAM FARMS, INC., Respondent.—In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Harwood, J.), dated December 19, 1984, which denied its motion for summary judgment.

Order affirmed, with costs.

The defendant sent three of its horses to the plaintiff to be trained, and the plaintiff submitted monthly bills to the defendant. In April 1978, one of the defendant's horses was injured while being transported after the groom hired by the plaintiff to travel with the horses abandoned his post in midtrip. In the summer of 1978, the defendant removed all three horses from the plaintiff's care. In a letter dated November 20, 1978, the defendant formally informed the plaintiff that it rejected the bills, which remained unpaid since March 1978. The defendant asserted that the plaintiff had negligently cared for all three animals, resulting in damages exceeding the total amounts charged in the bills.

The plaintiff's contention that the amounts billed are presently due as an account stated is unavailing. An account stated constitutes in effect a separate agreement between the parties that the debt is valid and due (see, Interman Indus. Prods. v R.S.M. Electron Power, 37 NY2d 151, 153-154). The defendant's letter dated November 20, 1978, constituted an objection within a reasonable time, not to the accuracy of the charges, but to its obligation to pay the amounts billed in light of the plaintiff's alleged breach of the contract.

Contrary to the plaintiff's assertion, the evidence presented by the defendant is sufficient to support the negligence counterclaim. Affidavits by experts as to the market value of the damaged property before and after the alleged negligence are not necessary at this stage, where the alleged negligence resulted in clear-cut injury or damage; some quantum of damages may, under these circumstances, be presumed.

There are questions of fact as to whether the plaintiff's conduct toward the defendant's horses was negligent, and whether the plaintiff breached the parties' oral contract such as would relieve the defendant of its duty to pay the amounts billed. A trial is therefore warranted. Bracken, J. P., Rubin, Lawrence and Eiber, JJ., concur.