*398 OPINION OF THE COURT
Memorandum.
On the court’s own motion, appeals consolidated for purposes of disposition.
Orders unanimously affirmed with $10 costs.
Plaintiff commenced actions for breach of contract and account stated to recover the claimed balances due on credit card accounts for each of the defendants. In each case, plaintiff moved for summary judgment on the cause of action for account stated. In support of the motions, plaintiff’s manager submitted an affidavit wherein she averred that she had full knowledge of the accounts stated based upon her review of the books, records and computer records of all outstanding balances on defendants’ credit card accounts. She alleged further that it was in the regular course of plaintiff’s business to send defendants monthly statements detailing the balances and that in each case, defendant’s balance remained unpaid; defendants never disputed the validity of the balances owed nor had they notified plaintiff of any defenses, setoffs or counterclaims. In opposition to the motions, defendants did not deny that they made purchases with the credit cards nor claimed that they objected to any particular charges or statements of balances due in a timely manner. Contrary to defendants’ contentions, plaintiff has established that there was an account stated between the parties (see, Citibank v Jones, 272 AD2d 815).
Upon these appeals, counsel for defendants submitted identical briefs raising the contention that the causes of action for an account stated were barred by the Federal Truth in Lending Act (15 USC § 1643) and General Business Law § 517.
An account stated is a separate agreement between the parties that the debt is valid and due (Haughton Training Stables v Miriam Farms, 118 AD2d 639). The defendants’ receipt and retention of plaintiff’s account without objection within a reasonable time entitles plaintiff to summary judgment on the account independent of the original obligation (see, Werner v Nelkin, 206 AD2d 422). The cause of action asserted against each defendant for an account stated is not an action by a card issuer to epforce liability for the use of the credit card as defined under the Federal Truth in Lending Act (15 USC § 1643 [b]). We note that General Business Law § 517 is also not a bar to the actions herein involved since it in no way precludes an action based on an account stated predicated on the retention of *399 a statement of account for an unreasonable period of time (Citibank v Rojas, NYLJ, Nov. 22, 2000, at 34, col 3 [App Term, 9th & 10th Jud Dists]).
We have reviewed defendants’ remaining contentions and find them to be without merit. Accordingly, the orders granting summary judgment should be affirmed.
DiPaola, P. J., Floyd and Doyle, JJ., concur