■ ENVIROCLEAN SERVICES, LLC, Respondent, v CEM, INC., Appellant. (Appeal No. 2.) [785 NYS2d 641]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered November 12, 2003. The judgment was entered upon an order, which granted plaintiff's motion for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: This dispute arose in connection with a

construction project at the United States Army Reserve Center in Niagara Falls. Defendant, the general contractor for the project, subcontracted with plaintiff for asbestos abatement and floor tile installation by written agreement dated March 18, 2001. In May and June 2001, plaintiff submitted to defendant three invoices totaling $181,000, the contract price for its work. Defendant paid plaintiff $128,812.50 in September 2001. Plaintiff thereafter commenced this action seeking the alleged balance due of $52,187.50 by verified complaint asserting causes of action for, inter alia, breach of contract, account stated, and quantum meruit. Plaintiff moved for summary judgment, submitting the verified complaint and defendant's verified answer, the parties' subcontract, copies of the invoices submitted to defendant, and the affidavit of plaintiff's vice-president, who averred that defendant "received and retained each of [plaintiff's] invoices without objection or complaint," and requested judgment on the account stated cause of action. In opposition, defendant submitted the affidavit of its president, who averred that, under the terms of the subcontract, no payment was owed to plaintiff. Supreme Court granted summary judgment "on the accounts stated theory." Defendant contends that was error, and we agree.

"An account stated is nothing more or less than a contract express or implied between the parties. It is an agreement which they have come to, regarding the amount due on past transactions" (*Rodkinson v Haecker*, 248 NY 480, 484-485 [1928]). Further, an "account stated cannot be made an instrument to create liability when none otherwise exists but assumes the existence of some indebtedness between the parties or an express agreement to treat the statement in question as an account stated" (*Matter of Martin H. Bauman Assoc. v H & M Intl. Transp.*, 171 AD2d 479, 485 [1991]; *see Gurney, Becker & Bourne v Benderson Dev. Co.*, 47 NY2d 995, 996 [1979]). Here, the parties' subcontract provides that "[a]ll payments . . . due or alleged to be due [plaintiff] are contingent upon Owner's acceptance of all [plaintiff's] Work performed and materials furnished by [plaintiff] and also upon the condition[ ] precedent of prior receipt by [defendant] of payment from Owner." Thus, under the terms of the parties' agreement, nothing was owed plaintiff by defendant until the owner had both accepted and paid for plaintiff's work. The verified answer of defendant, by its president, alleges that the owner had neither accepted nor paid for plaintiff's work, and thus plaintiff failed to meet his initial burden to establish an account stated (*see generally Hull v City of N. Tonawanda*, 6 AD3d 1142 [2004]). The allegedly unfulfilled contractual conditions precedent to defendant's pay-

ment obligation negate any inference of an implied agreement by defendant that the amounts claimed in plaintiff's invoices were then due, and thus plaintiff failed to establish the existence of an account stated (*see Gurney, Becker & Bourne*, 47 NY2d at 996; *Bauman Assoc.*, 171 AD2d at 485). We reach this conclusion without addressing the sufficiency of defendant's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]), and also without addressing whether the pay-when-paid provision is void and unenforceable as contrary to public policy (*see West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 158 [1995]; *Blandford Land Clearing Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 260 AD2d 86, 95 [1999]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Lawton, JJ.