OPINION OF THE COURT
Noach Dear, J.
Plaintiff, JP Morgan Chase Bank, N.A., commenced this action seeking to recover the sum of $8,501.91, alleging causes of action sounding in breach of contract and account stated. A bench trial took place before the undersigned on January 14, 2010. After considering and weighing the trial evidence, and having had the opportunity to observe and assess the credibility of the witnesses, the court makes the following findings of fact and conclusions of law:
Facts
Plaintiff called one witness, Paul Taylor, a “relationship manager” employed by JP Morgan Chase. As a relationship manager, Mr. Taylor is responsible for managing a network of attorneys and collection agencies throughout the United States. According to Mr. Taylor, defendant purchased a motor vehicle (a Toyota 4Runner) and financed the vehicle by entering into a retail installment contract with Chase Bank. He testified that *658 the total amount financed was approximately $28,000. The contract was neither offered nor received in evidence.
Mr. Taylor was shown a one-page document (plaintiffs exhibit 1) which he maintained was a record of all the payments made by the defendant on the loan. Based upon his review of this document, he maintained that the defendant had defaulted in her obligations under the loan agreement after making only 6 out of the required 72 payments. He testified that at the time of her default, the outstanding balance was approximately $25,000.
According to Mr. Taylor, this document further reflected that after defendant defaulted under the loan, Chase repossessed the vehicle and sold it at auction for approximately $18,000. According to Mr. Taylor, after the proceeds of the sale were applied to the account, defendant still owed Chase $12,000.
Plaintiff offered plaintiffs exhibit 1 in evidence. Although defendant did not raise an objection, the court reserved decision as to its admissibility.
Plaintiff then offered a letter addressed to defendant, dated February 16, 2009, advising her that notwithstanding the fact that the proceeds of the auction were applied to her account, a deficiency balance in the amount of $12,498.05 remained. Inasmuch as the plaintiff failed to offer any competent evidence that this letter was mailed to the defendant or that it constituted a business record within the meaning of CPLR 4518, the court, on its own motion, excluded it from evidence.
Defendant, the only other witness to testify at the trial, admitted entering into the retail installment contract with Chase. She admitted that she was not able to keep up with the loan payments due to financial problems and that, for this reason, she allowed Chase to repossess the vehicle.
Analysis
Plaintiff did not make out a prima facie case of breach of contract. It is well settled that the essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiffs performance under the contract, the defendant’s breach of that contract, and resulting damages (see JP Morgan Chase v J.H. Elec, of N.Y., Inc., 69 AD3d 802 [2d Dept 2010]; Agway, Inc. v Curtin, 161 AD2d 1040, 1041 [3d Dept 1990]; Furia v Furia, 116 AD2d 694, 695 [2d Dept 1986]). Here, although the defendant acknowledged the existence of a contract, since the contract was not received in evidence, its terms were never established in admissible form.
*659 Turning to plaintiffs cause of action for account stated, it failed to establish its case by a preponderance of the credible evidence. “An account stated is an agreement, independent of the underlying agreement, regarding the amount due on past transactions” (G.W. White & Son v Gosier, 219 AD2d 866, 867 [4th Dept 1995] [citations omitted]; see also W. R. Haughton Training Stables v Miriam Farms, 118 AD2d 639 [2d Dept 1986]; see also Discover Bank v Anderson, 20 Mise 3d 136[A], 2008 NY Slip Op 51526[U] [App Term, 2d & 11th Jud Dists 2008]). It is well-settled law that “[a]n account stated assumes the existence of some indebtedness between the parties, or an express agreement to treat the statement as an account stated. It cannot be used to create liability where none otherwise exists” (M. Paladino, Inc. v Lucchese & Son Contr. Corp., 247 AD2d 515, 516 [2d Dept 1998]). Thus, the plaintiff must establish the “existence of some indebtedness between the parties or an express agreement to treat the statement in question as an account stated” (Enviroclean Servs., LLC v CEM, Inc., 12 AD3d 1042, 1043 [4th Dept 2004] [citations omitted]). Account stated has two essential elements. The first being the existence of an account, and the second being whether the account became “stated” (see e.g. Gurney, Becker & Bourne v Benderson Dev. Co., 47 NY2d 995, 996 [1979]).
An account stated is “nothing more or less than a contract express or implied between the parties” (Rodkinson v Haecker, 248 NY 480, 484-485 [1928]; see also Poland v Sprague, 12 Pet [37 US] 300 [1838]). Here, it was uncontroverted that an account existed between the parties. Thus, the only relevant issue at trial was whether the account was stated, as “the mere rendering an account does not make it a stated one” (Lockwood v Thorne, 11 NY 170, 175 [1854] [citations and internal quotation marks omitted]).
The Court of Appeals has explained that an account may become stated in two instances, as “a general rule where an account is made up and rendered, he who receives it is bound to examine the same or to procure someone to examine it for him” (Rodkinson v Haecker, 248 NY at 485). The first instance is where the debtor expressly “admits it to be correct” which makes the account a stated one that “is binding on both parties” (id.).
“If instead of an express admission of the correctness of the account, the party receiving it keeps the same by him and makes no objection within a rea *660 sonable time, his silence will he construed into an acquiescence in its justness, and he will be bound by it as if it were a stated account” (id.).
After an account becomes stated, it “is conclusive upon the parties unless fraud, mistake or other equitable considerations are shown which make it improper to be enforced” (id. [citations omitted]). Moreover, “[n]o practice could be more dangerous than that of opening accounts which the parties themselves have adjusted” (Chappedelaine v Dechenaux, 4 Cranch [8 US] 306 [1808]). “While the doctrine of account stated had its origin in the transactions of merchants (Freeland v. [Heron], Lenox & Co., 7 Cranch [U. S.], 147), it has since been extended to embrace transactions between other persons” (Rodkinson v Haecker, 248 NY at 485 [citations omitted]; see also Stenton v Jerome, 54 NY 480 [1873]).
In any event, regarding both causes of action, plaintiff did not establish by admissible proof its entitlement to damages (Kenford Co. v County of Erie, 67 NY2d 257, 261 [1986]). The only evidence offered concerning damages was plaintiff’s exhibits 1 and 2. Plaintiff failed to lay a proper evidentiary foundation for the admission of either of these documents as business records pursuant to CPLR 4518. Further, Mr. Taylor’s testimony concerning the terms of the contract and defendant’s breach of the contract constituted inadmissible hearsay and a violation of the best evidence rule (CPLR 4539; see also Platovsky v City of New York, 275 AD2d 699, 700 [2d Dept 2000]). Because Mr. Taylor lacked personal knowledge, his testimony was speculative, and given his demeanor, this court gives it no weight (see e.g. Greenstein v R & R of G.C., Inc., 50 AD3d 637 [2d Dept 2008]; see also People v Rieck, 70 AD2d 724 [3d Dept 1979]; see also Lucks v Lakeside Mfg., Inc., 37 AD3d 666, 668 [2d Dept 2007]; see also People v Barrett, 14 AD3d 369 [1st Dept 2005]).
A business record is admissible if “it was made in the regular course of any business and ... it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter” (CPLR 4518 [a]; see also People v Kennedy, 68 NY2d 569, 579-580 [1986]). “A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker’s business practices and procedures” (West Val. Fire Dist. No. 1 v Village of Springville, 294 AD2d 949, 950 [4th Dept 2002]). Although Mr. Taylor testified that both docu *661 merits were made in the regular course of plaintiffs business, he did not establish that he was familiar with plaintiffs business practices or procedures, and he further failed to establish when, how, or by whom they were made (Palisades Collection, LLC v Kedik, 67 AD3d 1329 [4th Dept 2009]; CPLR 4518 [a]; West Val. Fire Dist. No. 1, 294 AD2d at 950).
Further, Mr. Taylor failed to demonstrate that the preparer of plaintiffs exhibits 1 and 2 had actual knowledge of the events recorded therein or that they obtained knowledge of those events from someone with actual knowledge of them and who had a business duty to relay information regarding the events to the preparer (see Capasso v Kleen All of Am., Inc., 43 AD3d 1346, 1347 [4th Dept 2007], citing Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4518:l; Matter of Leon RR, 48 NY2d 117, 122-123 [1979]; see also Johnson v Lutz, 253 NY 124, 128 [1930]; Toll v State of New York, 32 AD2d 47, 49 [3d Dept 1969]).
While the defendant did not raise an objection to plaintiffs exhibits 1 or 2, the court on its own motion excludes them from evidence (see e.g. People v Smith, 172 NY 210 [1902]; see also People v Robinson, 36 NY2d 224 [1975]; see also People v Siegel, 4 AD2d 680 [2d Dept 1957]; see also People v Jenkins, 24 AD2d 716 [1st Dept 1965]; see also HDM Flugservice GmbH v Parker Hannifin Corp., 332 F3d 1025,1034 [6th Cir 2003]; Maddox v Patterson, 905 F2d 1178, 1180 [8th Cir 1990]).*
As plaintiff failed to prove its action based on breach of contract, the only relevance left for plaintiffs exhibit 2 was to prove whether the account between the parties was a stated one by defendant’s failure to timely object (see e.g. Gardam & Son v Batterson, 198 NY 175, 177-178 [1910]; see also Prince, Richardson on Evidence § 8-225 [Farrell 11th ed]). Here, the defendant credibly denied receipt of the bill, and plaintiffs witness admitted that he did not mail the document and stated that he had no knowledge of office practices and procedures that would ensure mailing (see Watt v New York City Tr. Auth., 97 AD2d 466 [2d Dept 1983]). Therefore, the condition of the document’s relevance, i.e., that it was mailed or otherwise delivered to the *662 defendant, was never established and this court properly excluded plaintiff’s exhibit 2 (see e.g. Fischl v Carbone, 155 AD2d 516 [2d Dept 1989]). In other words, there was nothing for defendant to dispute.
For these reasons, plaintiffs cause of action for account stated fails (see generally Citibank [S.D.] v Jones, 272 AD2d 815 [3d Dept 2000]; see also Rhulen Agency v Gramercy Brokerage, 106 AD2d 725, 726-727 [3d Dept 1984]; see also DeToia v Yellow Transp., Inc., 68 AD3d 804 [2d Dept 2009]).
Based on the above, it is hereby ordered that judgment be entered in favor of defendant Mariealta Rabel and against plaintiff JP Morgan Chase Bank, N.A.; and it is further ordered that plaintiffs complaint is hereby dismissed with prejudice on the merits.

 Additionally, a document admitted pursuant to CPLR 4518 can be treated like any other piece of evidence, which means that if the document is not trustworthy, then the trier of fact can give it no weight (see e.g. People v Fisher, 201 AD2d 193, 199 [1st Dept 1994]). Therefore, assuming this court did not exclude the evidence, the court would have given the documents no weight because of the absence of meaningful foundation testimony.