SOLOMON LOEB, Respondent, *v.* BENJAMIN A. WILLIS, Impleaded, etc., Appellant.

Where a suit is discontinued after judgment, the adjudication concludes no one and is not an estoppel or bar in any sense.

Where, therefore, after judgment in an action for foreclosure in which a grantee of the mortgaged premises, who by his deed assumed and agreed to pay the mortgage and who appeared, and defended was sought to be and was held liable for any deficiency, the court, on application of plaintiff, granted to him leave to discontinue the action and to bring an action upon the bond, accompanying the mortgage; and where, to such new action, the grantee was made a party defendant, *held*, that he was not precluded from contesting his liability by the judgment in the foreclosure suit, but was entitled to show an entire or partial failure of consideration for his agreement to assume the mortgage, or any defense, complete or partial, which he could have interposed to an action brought by his grantor to enforce said agreement.

Also *held*, that after the trial court had decided as matter of law that said grantee was estopped by the former adjudication, to avail himself of the error, he was not bound to offer any evidence.

(Argued October 14, 1885 ; decided October 27, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 11, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the court.

The nature of the action and the material facts are set forth in the opinion.

*Benjamin A. Willis* for appellant. The findings at Special

Term, and the decree thereupon entered in an action to fore-close a mortgage collateral to the bond, which is the subject of this action, are not *res adjudicata*, and do not constitute an estoppel in this action, the said decree having been vacated, and said foreclosure action discontinued before the commencement of this proceeding, and there being, at the time this action was tried, no subsisting judgment. (*Read* v. *Proprietors*, 8 How. [U. S.] 274; Bigelow on Estoppel, 29; *Wixon* v. *Stevens*, 17 Mich. 518; *Queen* v. *Hutchings*, 6 Q. B. [2 B. D.] 300; *Ford* v. *Doyle*, 44 Cal. 635; *Webb* v. *Bucklalew*, 82 N. Y. 555; *Carlin* v. *McCall*, 1 Hilt. 389, 399; *Audubon* v. *Excelsior F. Ins. Co.*, 27 N. Y. 216; *Lawrence* v. *Banker*, 5 Denio, 216; *McLaughlin* v. *McGee*, 79 Penn. St. 217; Freeman on Judgments [3d ed.], § 333; *Taylor* v. *Smith*, 4 Ga. 133; *Tyler* v. *Willis*, 35 Barb. 213; *Carter* v. *Clarke*, 7 Robt. 42.) The appellant had a right to prove the invalidity of the covenant to assume, breach thereof and failure of consideration. (*Dunning* v. *Leavitt*, 85 N. Y. 30; *Flagg* v. *Munger*, 9 id. 483; *Smith* v. *Truslow*, 84 id. 660; *Garnsey* v. *Rogers*, 47 id. 238; *Comstock* v. *Drohan*, 71 id. 13; *Cumberland* v. *Codrington*, 3 Johns. Ch. 254.)

*William Man* for respondent. The evidence offered by defendant was immaterial even if it had not already been passed on by the court on the same issue, and it could not affect the question of Willis' liability on his assumption of the debt. (*Pullman* v. *Alley*, 53 N. Y. 637.)

EARL, J. In January, 1875, the defendant Willis took a deed of real estate in the city of New York, from S. T. Meyer, which was incumbered by a mortgage held by A. T. Meyer, and he assumed and agreed to pay such mortgage. A. T. Meyer, the mortgagee, subsequently assigned the mortgage to the plaintiff, and he commenced an action to foreclose the same, making S. T. Meyer, the mortgagor, and Willis and others defendants. Willis interposed an answer to the action and appeared upon the trial thereof and defended the same upon the merits. The

plaintiff recovered in the action the usual foreclosure judgment, by which it was also adjudged that the mortgagor and Willis were both responsible for any deficiency which should remain after applying the proceeds of the real estate upon the mortgage. Subsequently, and before proceeding to a sale under that judgment, the plaintiff made a motion to the court for leave to discontinue the foreclosure action, and to allow him to bring suit upon the bond accompanying the mortgage. The motion was granted and an order was entered discontinuing the foreclosure action. Thereafter this action was commenced, to enforce against the mortgagor and against Willis, on his agreement to pay the mortgage, the whole amount due thereon. In his complaint the plaintiff, among other things, alleged the foreclosure action, that Willis interposed an answer therein upon the merits, that the issue raised by the answer came on for trial, that Willis appeared and offered evidence upon the trial to sustain the issues on his part, which evidence was received and considered, that the court after due deliberation thereon filed a decision containing findings of fact and of law which remained on the files of the court, and which ordered judgment upon the issues in favor of the plaintiff directing a foreclosure of the mortgage and a sale of the premises thereby mortgaged, and that the plaintiff should have judgment against the defendants Meyer and Willis for any deficiency, after applying the proceeds of the foreclosure upon the debt; and he alleged that the liability of Willis to pay the bond secured by the mortgage had been already adjudged by the court. He further alleged, that upon his application, an order was made permitting him to discontinue the foreclosure action without costs, and discontinuing the same and permitting him to bring an action upon the bond. Willis in his answer, among other things, denied that there was any adjudication binding upon him, and alleged that on the 17th day of December, 1874, it was agreed by and between him and the defendant Meyer, his grantor, that in consideration that he would purchase the real estate referred to in the complaint, and assume the payment of the mortgage, he, Meyer, would lease the real estate

of him upon the conveyance of the same to him for the term of two years, and pay him therefor $4,400 for the first year, and $4,800 for the second year, and also pay certain taxes then due upon the real estate, and that he would also procure an extension of time in which to pay the mortgage; that in pursuance of such agreement, and relying thereupon, he, Willis, took the conveyance of the real estate and assumed the payment of the mortgage; that Meyer wholly and entirely failed in every respect to comply with his agreement or to carry out the same.

Upon the trial the plaintiff offered in evidence the bond and mortgage and the assignment thereof to him, and the deed of the real estate to Willis, which contained the covenant and agreement on his part to assume and pay the mortgage. He further offered in evidence the judgment-roll in the action referred to in the complaint and the order made at Special Term discontinuing the foreclosure action; and then, after a computation of interest, he rested his case. The defendant Willis then offered in evidence a contract between his grantor, Meyer, and himself, to which the plaintiff objected, upon the ground that the facts had been passed upon, and the objection was sustained, and Willis excepted. Willis then offered himself as a witness on his own behalf and was asked by his counsel this question: "Please state what contract, if any, between yourself and Meyer was made at the time the transfer of the property in question was made to you?" This was objected to by the plaintiff on the same ground and the objection sustained. Willis' counsel then offered to show that at the time the real estate was conveyed to him a written contract was made between him and Meyer, to the effect that if he would assume the payment of the mortgage Meyer would hire the property from him for two years, at the rate of $4,400 for the first year, $4,800 for the second year, and pay all the taxes and assessments on the property and have the payment of the mortgage extended five years, and that Meyer would also assume the mortgages on other property, which Willis, by the terms of the agreement, was to convey to him; and that Meyer failed in every respect to comply with any of his stipulations;

that he only paid rent for three months, and that the mortgages on the other property were foreclosed, and that Willis had to pay all the taxes and assessments which Meyer agreed to pay, and had to bid the property in, and this evidence was excluded.

It thus appears that the trial court held that the adjudication in the foreclosure action absolutely estopped Willis and precluded him from giving any evidence to defeat or diminish the plaintiff's recovery against him. In this we think there was error.

The foreclosure action was discontinued and all the proceedings therein thus annulled. There was no longer any record or adjudication in that action which bound any one. By the discontinuance of an action the further proceedings in the action are arrested not only, but what has been done therein is also annulled, so that the action is as if it never had been. If a suit be discontinued at any stage, or the judgment rendered therein be set aside, or vacated, or reversed, then the adjudication therein concludes no one and it is not an estoppel or bar in any sense. (Bigelow on Estoppel, 21; Freeman on Judgments [3d ed.], § 333; *Leonard* v. *Barker*, 5 Denio, 220; *Audubon* v. *Excelsior Ins. Co.*, 27 N. Y. 216.) After ruling as matter of law that Willis was estopped by the former adjudication, he was under no obligation to offer any evidence, and it cannot be said here that his offer was not sufficiently broad or specific because we cannot tell what, but for the erroneous ruling, he might have proved. It is possible that he might have brought his defense within the rules laid down in *Dunning* v. *Leavitt* (85 N. Y. 30). Under that decision it was his right to prove, if he could, either an entire or a partial failure of consideration for his assumption of the mortgage, and he could establish any defense, complete or partial, as against the plaintiff which he could have interposed to an action brought by his grantor to enforce his contract of assumption. If the facts alleged by him in his answer, and offered by him to be proved, were true, he certainly would have had, to some extent at least, a defense to the plain-

tiff's action. We cannot say that the erroneous rulings did not prejudice Willis, and we think the case should, therefore, go back and be tried under a correct ruling as to the law and a proper application of the principles laid down in *Dunning* v. *Leavitt.*

The judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.