Andrews, J.
Upon the first trial of this action the complaint was dismissed, on the ground that the plaintiff’s remedy, if he had any, was to move in the Marine Court for an order discontinuing the two actions, and directing the cancellation of the judgment which was entered in one of them. On appeal it was held by the general term that this decision was erroneous; that it was doubtful whether the Marine Court had power tó give such relief, upon a motion or otherwise, and that, at any rate, if it had, the remedy by an action in equity was concurrent, and a new trial was ordered.
*320 Upon the second trial the complaint was dismissed upon’ the merits, but on appeal this decision and'the judgment.in favor of defendant, entered thereon, were reversed and a new trial. was again ordered. Reported in 4 N. Y. State Rep., p. 129.
• The opinion of Judge Magombeb, which was concurred in by Judges DANIELS and Bkady, is elaborate and exhaustive, and in it the various questions of law and fact involved in the case are fully considered. The conclusion reached was that the judge at special term erred in dismissing the complaint, and that there must be another trial. ' ■
All the witnesses, except two for the defendant, who have been examined on the third -trial of the case before me, were examined on the second trial, and, with the exception of the testimony of those two witnesses, the evidence before me is substantially the same as that which was before the general term on the second appeal; and the general term, upon that evidence, having decided in effect that the plaintiff was entitled to a judgment in her favor, it necessarily follows that she is entitled to such judgment now, unless the situation has been materially changed by the evidence given by. the two new witnesses examined on behalf of the defendant, I have carefully examined this testimony as well as the whole case, and I am not able to see how this new testimony helps the defendant. Great stress is laid by counsel for defendant upon the testimony given by Mr. Justice Van Brunt, one of such new witnesses. I cannot concur in the counsel’s views. On the other hand, it seems to me that Judge Yan Brunt’s evidence materially strengthens the plaintiff’s case.
On his'direct examination the judge testified that his recollection was that' on the trial before him there was no recess before the commencement of the taking of the testimony; that he did not recollect leaving the bench for any purpose, nor that any stipulations in writing were signed or exchanged, at that'time, before the commencement of the taking of testimony.
In the course of his cross-examination he said:
“ There being an. action in the Marine Court in which there had been a judgment in favor of the defendants, upon the identical issue that they had to try» before me, they wanted me to try it over again. That struck me as being very peculiar. ■* * * . My recollection is that I stated that I would not try that cause with that Marine Court judgment in the condition in which it was, because the result would be that if I came to a different conclusion from that which obtained in the.Marine Court, two -courts, so far- as this question was concerned, of coequal jurisdiction, would have decided the same question in a different way, and I did not propose to he put in that position.
Q. Do you .remember what suggestion it was that was made that relieved the difficulty ?
_A. There was some suggestion in' reference to the discontinuance of the Marine Court action.
Q. And was there such an agreement made in court ?
A. My recollection is that there was some oral stipulation of that kind.
Q. Do you remember that there was more than one Marine Court action ?
A. My recollection is that there was one action which had gone to judgment, *321 and there was an action pending which had not gone to judgment. I was not at all interested in the action which had not gone to judgment.
Q. And the one in which the oral consent was given was which one ?
A. I don’t construe in which action the oral consent was given; I merely state the fact.
Q. What was the oral consent ?
A. I can’t give the language of it. The oral consent, as I now recollect it, was that the action in the Marine Court should be discontinued.
There is nothing in this testimony, or any other given by Judge Van Brunt, which tends in the remotest degree to sustain the claim made by defendant’s counsel that the stipulation given Mr. Chetwood was a stipulation to discontinue the appeal theretofore taken from the judgment entered in the Marine Court. On the contrary, Judge Van Brunt’s testimony, by itself, establishes that the oral stipulation made by Mr. Chetwood was to discontinue the Marine Court action in which such judgment had been entered. No other construction of his testimony is possible.
His recollection is that there was no recess, and he does not recollect leaving the bench, or that there was a written stipulation. But as the judge himself says, after so many years he may be mistaken in his recollections. Even if there was no recess, and if the judge didnot leave the bench, it does not follow that the stipulation was not reduced to writing before the trial proceeded, and the fact that the judge does not remember seeing a written stipulation does not prove there was none; nor does the judge’s testimony that he did not see the written stipulation contradict the testimony of plaintiff’s witnesses who swear positively that such written stipulation was drawn and signed before the trial proceeded, nor does it tend in any material degree to disprove such testimony.
The judge testifies to an oral stipulation to discontinue the action in which judgment had been entered, and the entry in the stenographer’s minutes is, that it was consented that the action in which a verdict had been rendered be discontinued, which entry, of course, must refer to the action in which judgment had been entered, as the other action had not been tried. After the the oral stipulation had been made, and the fact noted in the stenographer’s minutes, there was no reason why Judge Van Brunt should concern himself about a written stipulation. It may well be that such stipulation was drawn and signed without his seeing it, and as he had no occasion to see it and it certainly will not be seriously claimed that that the fact that he does not remember, after the lapse of twelve years, that he saw such stipulation, is testimony which should have much weight in determining whether or not there was such a written stipulation.
The other new witness examined on behalf of the defendants was a Mr. Vandemeyde, who testified that, in his *322 opinion, the words “ and that the judgment entered therein be vacated and canceled” which appear in the stipulation produced by defendant on plaintiff’s call, were not written at the same time as the rest of the stipulation nor in the same ink.
I am not able to accord to the testimony of Mr. Vanderweyde the weight which counsel for the defendant thinks it should-have. In the first place, he does not undertake to say how long a period elapsed between the writing of the body of the stipulation and the words above quoted. His testimony on this point may be true, and yet the words in question may have been added to the stipulation within ten minutes after the rest of it was written. In the second place, to my eyes, the blot and the letter referred to by the learned expert, do not present precisely the same appearance that they do to his. And I .am not able to concur in his conclusion, that the difference in the appearance of the letters which ran into the blot shows that the added words were written after the rest of the stipulation. If he his right about the difference in the inks it does not .follow that the words in question were written out of the court room, for inks of different kinds, qualities and thickness may as well have been found in fhe court room as elsewhere ; and I :am strongly inclined to think that if a piece of blotting paper was placed upon the added words, immediately after they were written, that fact goes a long way towards explaining whatever •difference appears between those words and the rest of the stipulation. Mr. Yanderweyde’s testimony, if uncontradicted, •would not prove that the added words were written outside the •court room, and such testimony certainly cannot overcome the positive testimony of several witnesses, who swear positively that they were written there.
My conclusion is that the evidence of the two new witnesses •examined on behalf of defendant should not materially affect .the conclusions to be drawn from the evidence given on behalf ■ of the plaintiff, and upon which the general term has already .decided that the plaintiff was entitled to judgment, I do not ,see, however, how any different result's could ■ be reached, even .if the case were to be decided upon the assumption that the new •.testimony raises a doubt about the signing and delivery of the written stipulation. It is conceded that a stipulation of some •sort was made. The plaintiff claims it was a-stipulation to discontinue the actions in the Marine Court, and that the judgment be vacated. The defendant claims that it was a stipulation to discontinue the appeal taken from that judgment. Upon .the evidence given on the second trial the general term found that such claim of the plaintiff was sustained. Now Judge Van Brunt has been examined," and he testifies positively that there was an oral stipulation to discontinue the action in which judgment had' been entered. It is useless, therefore, for tlie *323 defendant to claim that the stipulation made was to discontinue tbe appeal. The general term said that the evidence given on the former trial proved that such was not the case ; and now the defendant has proved by his own witness that there was an oral stipulation, and that it was not to discontinue the appeal, but to discontinue the action. It seems to me that the defendant has proved all that is necessary to entitle the plaintiff to judgment in her favor, to say nothing of all the other testimony which, in the opinion of the general term and in my opinion, established beyond question the making of an oral stipulation to discontinue the action in which judgment was entered.
The general term expressly decides that the authority of Mr. Chetwoodto'make the stipulation cannot now be questioned; and an oral stipulation, deliberately made by counsel in open court and entered in the minutes, though relating to proceedings in another action and in another court, is just as binding as a written one and can be enforced by motion or action (Philips v. Wicks, 38 Superior Court Rep., 74). Moreover, a stipulation to discontinue an action in which judgment has been entered necessarily includes or involves a stipulation that the judgment may be vacated, without express words to that effect. “ By the discontinuance of an action the further proceeding in the action are arrested not only, but what has been done therein is also annulled so that the action is as if it never had been. ” (Loeb v. Willis, 100 N. Y., 235.)
Where an action has gone to judgment it is usual and proper, in stipulating for its discontinuance, to provide that the judgment shall be vacated, but it seems to me that such provision is unnecessary, and that a party who has received a stipulation for discontinuance only is entitled to enter an order, which shall not only discontinue the action but direct the clerk of the court to mark the judgment on the docket book as cancelled cr vacated. This must be the law, for after the action is discontinued, a judgment previously entered therein no longer exists as a judgment. The discontinuance wipes the judgment out of existence as effectually as though the action had never been commenced, and the judgment is no longer a lien or an estoppel (Loeb v. Willis, supra). And the discontinuance of the action must have this effect, even though the judgment has not been marked as canceled or vacated upon the docket book.
I am of the opinion that the new testimony introduced on behalf of the defendant has not changed the case which was passed upon by the general term ; and also that, in any view which can be taken of the testimony as it now stands, the plaintiff is entitled to judgment as prayed for in the complaint,.with costs