■ SWIFT AGRICULTURAL CHEMICALS CORPORATION, Respondent, v EMIL MULLER, Doing Business as WILD ROSE RANCH, Appellant. — Judgment unanimously modified, on the law and facts, without costs, by striking the award of

damages, and otherwise affirmed, and matter remitted to Supreme Court, Livingston County for an assessment of damages only. Memorandum: Defendant appeals from a judgment, entered upon a nonjury trial, awarding plaintiff money damages for goods sold and delivered, services rendered and a finance charge, as stated upon plaintiff's invoices, from date of the invoices to April 16, 1979, and including interest from the latter date to the date of the judgment. The goods were two fertilizers, 63½ tons of liquid nitrogen which plaintiff avers were applied to defendant's farm in the spring of 1978, and 16 + tons of dry 10-30-10 fertilizer claimed to have been delivered to defendant's farm, also in the spring of 1978. Defendant raises two issues: 1. that the proof that the fertilizers were ordered and delivered was legally insufficient, and 2. that no price was agreed upon by the parties and plaintiff failed to establish the reasonable value of the fertilizers. It is claimed that proof of ordering and delivery was solely dependent upon the testimony of one Belcher, the former farm manager of defendant, and because of directly contradictory prior statements made by Belcher, his testimony was incredible as a matter of law. We do not agree that this proof was solely dependent upon Belcher's testimony. Plaintiff's warehouse agent testified that the goods were ordered by Belcher, and the fair inference of his other testimony is that he directed one of his truck drivers to deliver the dry fertilizer to defendant's farm. Another of the warehouse agent's truck drivers testified that he applied liquid nitrogen to defendant's farm over a two-day period. While the latter's testimony concededly fails to demonstrate that the full 63½ tons of liquid nitrogen was delivered and applied, all of the foregoing testimony, together with the invoices made by the warehouse agent and the plaintiff in the regular course of business, is persuasive of the ordering and delivery of the goods. That evidence and Belcher's testimony are cross corroborative and the assessment of credibility was for the trier of facts (*Viles v Viles,* 14 NY2d 365). The trial court apparently accepted the plaintiff's stated price as the reasonable value of the goods. Since it is conceded that there was no agreed price for the goods, this was error (1 Williston, Contracts [3d ed], § 41; Uniform Commercial Code, § 2-305). While there is proof that liquid nitrogen was sold by plaintiff to defendant in 1977 at the same price per ton as that claimed for the 1978 sale, we note that there is but one instance of prior dealings between the parties (see 1 Williston, Sales [4th ed], § 9-2, p 319) and it does not appear that the trial court placed any reliance on the earlier sale. There is also no evidence that plaintiff agreed to pay the finance charges stated in plaintiff's invoices, and unless proof of such agreement is made, interest should be at the legal rate. Since there was legally sufficient evidence that the goods were ordered and delivered, and the finding of the trial court in this regard is not against the weight of the evidence, there is no need to retry that issue. We are unable, however, to determine from this record the reasonable value of the goods and the matter must be remitted to the trial court for further proof of damages and for determination only of the reasonable value of the goods and whether defendant agreed to pay plaintiff's finance charges (see *Frenchman & Sweet v Philco Discount Corp.,* 21 AD2d 180; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5522.05). (Appeal from judgment of Supreme Court, Livingston County, Cicoria, J. — recovery of payment.) Present — Dillon, P. J., Simons, Hancock, Jr., Doerr and Schnepp, JJ.