WELDOTRON CORPORATION, Appellant, v ARBEE SCALES, INC., et al., Defendants, and JOSEPH FEEHAN, Respondent.—In an action to recover damages for fraud and for money had and received, the plaintiff appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated June 24, 1988, which denied the plaintiff's motion for partial summary judgment against the defendant Joseph Feehan on the first cause of action asserted in the complaint.

Ordered that the order is affirmed, with costs.

In 1982, Joseph Feehan, an officer and shareholder of Arbee Scales, Inc., allegedly defrauded Weldotron Corporation (hereinafter Weldotron) of $31,542. In March 1983, Weldotron commenced this action against Feehan, Arbee Scales, Inc., and Michael J. Paquette, the other shareholder and an officer of Arbee Scales, Inc. During discovery proceedings, Feehan filed a petition in bankruptcy under United States Bankruptcy Code chapter 13 thereby automatically staying the action in the Supreme Court.

The United States Bankruptcy Court for the Eastern District of New York, held a hearing, at which three witnesses testified, to determine whether Weldotron's claim against Feehan for $31,542 should be allowed. The court determined that Feehan "intentionally and deliberately misled WELDOTRON CORP. for the purpose of defrauding it" and allowed its

claim in the amount of $29,694.28. By order of the Bankruptcy Court dated April 14, 1986, Feehan's application to voluntarily withdraw his petition in bankruptcy was granted thereby removing the automatic stay of the action in the Supreme Court.

Weldotron then moved in this action for partial summary judgment against Feehan on the fraud cause of action, asserting that the Bankruptcy Court's order allowing its claim based upon a finding of fraud should collaterally estop Feehan from contesting the issue of fraud in the Supreme Court. The Supreme Court denied Weldotron's motion holding that because Feehan voluntarily withdrew his petition in bankruptcy, the Bankruptcy Court's determination had no preclusive effect with respect to Weldotron's cause of action for fraud. We agree.

The general rule is that res judicata and collateral estoppel apply to decisions of the Bankruptcy Courts (see, Katchen v Landy, 382 US 323, 334; Firedoor Corp. v Merlin Indus., 86 AD2d 577). However, the primary issue presented at bar is whether the voluntary withdrawal of the bankruptcy petition, without prejudice, precludes the application of the doctrines of res judicata or collateral estoppel to the prior order of the Bankruptcy Court made before the withdrawal. It has been held that where an action or proceeding is dismissed, rulings preceding the final judgment or decree of dismissal are, as a general proposition, not capable of becoming res judicata (Annotation, Effect of Nonsuit, Dismissal, or Discontinuance of Action on Previous Orders, 11 ALR2d 1407, 1420). Stated another way, the discontinuance of an action annuls that which has been done therein, "so that the action is as if it never had been" (Loeb v Willis, 100 NY 231, 235; see also, CPLR 3217). Since the bankruptcy petition at bar was withdrawn, collateral estoppel is not applicable to the Bankruptcy Court's ruling on the issue of fraud with respect to this action. Therefore, the trial court properly denied Weldotron's motion for partial summary judgment (cf., Vanderbilt Realty Corp. v Gordon, 134 AD2d 586). Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.