■ AGWAY, INC., Appellant, v JOHN CURTIN et al., Doing Business as CURTIN BROTHERS, Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Tait, Jr., J.), entered March 31, 1989 in Madison County, upon a decision of the court, without a jury, in favor of defendants.

Defendants own and operate a dairy farm. They had a revolving account at plaintiff, with which they enjoyed a long-standing business relationship. From the beginning of 1982 until December 1983 defendants purchased a certain feed for their livestock from plaintiff, whose salesman allegedly represented that the formula composition would remain unchanged. It was established at trial, however, that defendants' average monthly milk production fell appreciably in the fall of 1983 when plaintiff changed the feed formula composition.

By January 10, 1984, defendants had paid all but approximately $1,060 of their outstanding account. Thereafter, in protest over the quality of the feed they had received in 1983, they withheld payment of this sum and for all subsequent purchases, which together with interest totaled $14,460.26 as of June 5, 1984. Plaintiff commenced this action to recoup the latter amount, and defendants counterclaimed for damages caused by the defective feed. Following a bench trial, Supreme Court determined that plaintiff had failed to establish an agreed amount as required for an account stated and that defendants had proved breach of warranty entitling them to lost profits of $13,832.69. The court directed that defendants offset recovery by $1,068.17, the amount defendants calculated to be due on their account after the January 10, 1984 payment. An order purporting to implement the court's decision was entered March 31, 1989. Supreme Court's statement, in a postdecision letter intended to clarify the order, that plaintiff's only cause of action was for an account stated suggests that the court did not view plaintiff's complaint as asserting a cause of action for goods sold and delivered. On appeal, plaintiff contends only that the court erroneously failed to resolve this cause of action.

The summons and complaint, as amplified by the bill of particulars, adequately apprise defendants of plaintiff's claim *(see, Foley v D'Agostino,* 21 AD2d 60, 62-63); in particular, the complaint alleged all the material elements of a cause of action for the sale and delivery of goods, wares and services *(see,* 4 Carmody-Wait 2d, NY Prac § 29:102, at 309). While the complaint may not have conformed to CPLR 3016 (f), failure to meet the specificity requirement does not render the complaint ineffective, but merely relieves defendants of having to deny, item by item, the goods and services alleged to have been sold and delivered *(see, e.g., United Tire & Rubber Co. v Contractor Tire Sales,* 124 AD2d 280, 281, *lv dismissed* 69 NY2d 822, *appeal dismissed* 69 NY2d 823).

The proof adduced at trial established the elements of plaintiff's claim. Defendants do not dispute that they did not pay for the goods and services, but only that the evidence failed to satisfactorily demonstrate either that they were furnished or priced at a reasonable or agreed-upon amount. We disagree. Plaintiff introduced store receipts and invoices detailing the items and services ordered and delivered. Although many of these invoices were unsigned, and plaintiff's store manager acknowledged that unsigned invoices do not prove that the goods were delivered, the manager indicated that the store would have no reason to prepare an invoice unless the goods had indeed been ordered and delivered. He further testified that the store's usual business practice was to obtain signatures only on sales receipts for items actually purchased at the store. Invoices for services or goods delivered in response to telephone requests were rarely signed.

Significantly, defendant John Curtin admitted receiving goods and services from plaintiff between January and April 1984, and defendant Robert Curtin confirmed that defendants frequently placed orders with plaintiff over the phone. Robert Curtin further explained that defendants, believing they were entitled to an offset against their account for damages caused by the deficient feed, had refused to pay a bill submitted to them in the spring of 1984. Additionally, during cross-examination John Curtin agreed that if the invoices so indicated, then the goods had been delivered.

Finally, as to the reasonableness of the price, the manager testified that the cost of items purchased at the store was not negotiable and that delivered goods were priced according to current market conditions. Defendants did not offer any evidence to contradict this testimony or otherwise show that the prices were unreasonable. In fact, defendants never disputed

either the reasonableness of the prices charged or that these billed goods and services were delivered except insofar as the answer contained a general denial. As plaintiff established the necessary elements supporting its claim for goods and services sold and delivered (see, Swift Agric. Chems. Corp. v Muller, 86 AD2d 756, 757, appeal dismissed 57 NY2d 777), it is entitled to recover their value.

Judgment modified, on the law, without costs, by reversing so much thereof as dismissed plaintiff's complaint; plaintiff is awarded judgment in the amount of $14,460.26 together with interest thereon from June 5, 1984; and, as so modified, affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.