■ PUTNAM COUNTY NATIONAL BANK OF CARMEL, Plaintiff, v GERALDINE RYAN et al., Defendants, CARMEN PAZZINO et al., Appellants, and BOZZUTO'S, INC., Respondent.—In an action, *inter alia,* to foreclose a mortgage, the defendants Carmen Pazzino, Edward Pian, Gladys Cseryni, Frank Rotundini, Elizabeth Guerrazzi and the estate of Charles Bihr appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Dickinson, J.), dated July 20,

1988, as denied that branch of their motion which was for summary judgment dismissing the cross claim of the defendant Bozzuto's, Inc., against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this mortgage foreclosure action, the appellants Carmen Pazzino, Edward Pian, Gladys Cseryni, Frank Rotundini, Elizabeth Guerrazzi and the estate of Charles Bihr and the respondent, Bozzuto's Inc., claim priority to surplus moneys generated after a mortgage foreclosure sale (see, RPAPL 1441 et seq.).

On March 27, 1984, Geraldine Ryan executed a mortgage in favor of the appellants as mortgagees. On April 6, 1984, Ryan executed a mortgage involving the same property in favor of the respondent as mortgagee. In its cross claim in this mortgage foreclosure action, the respondent alleges that its mortgage was executed to secure a preexising debt and that the appellants' mortgage was executed and delivered to the appellants to "hinder, delay and defraud the creditors of Ryan, and, in particular" the respondent. The respondent also alleges that, in part because of the execution of the appellants' mortgage, Ryan was rendered wholly insolvent and, as a result, filed a bankruptcy petition. These allegations were sufficient to state a cause of action sounding in a fraudulent conveyance (Debtor and Creditor Law § 270 et seq.; Glassman v Glassman, 309 NY 436; Hudson Fence Co. v Fabro Bldrs., 80 AD2d 578; see, United Natl. Bank v Russo, 64 AD2d 759; Freudman v Freudman, 36 AD2d 968; see also, 2 Mortgages & Mortgage Foreclosure NY § 35.18 [rev ed]). Accordingly, that branch of the appellants' motion which was for summary judgment dismissing the cross claim was properly denied (see, CPLR 3211 [a] [7]; Guggenheimer v Ginzburg, 43 NY2d 268, 275).

Ryan's discharge in bankruptcy had been challenged by the respondent by its commencement of a proceeding in bankruptcy court (see, 11 USC § 727 [d] [1]; 28 USC § 157 [b] [2] [J]). The respondent, by stipulation, subsequently withdrew its petition in that proceeding, "with prejudice". Any issue that was necessarily decided in the bankruptcy proceeding has no bearing on the question of whether the respondent is entitled to priority over the appellants with respect to the surplus money generated in this foreclosure action. Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment against the respondent based on the doctrine of collateral estoppel (Schwartz v

*Public Adm'r of County of Bronx,* 24 NY2d 65, 71; *see, Kaufman v Lilly & Co.,* 65 NY2d 449, 456; *see also, Richard L. v Armon,* 144 AD2d 1; *Weldotrun Corp. v Arbee Scales,* 161 AD2d 708). Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.