■ In the Matter of SARA ROSS, Deceased. CATHERINE DENNEHY, Appellant; MINDY J. TREPEL, Respondent. [647 NYS2d 958] —In a probate proceeding, the preliminary executrix appeals from an order of the Surrogate's Court, Queens County (Nahman, S.), dated May 10, 1995, which denied her application for an extension of preliminary testamentary letters and appointed the public administrator as temporary executor of the estate. The appeal brings up for review an order of same court dated June 19, 1995, which denied the preliminary executrix's motion, in effect, to renew (see, CPLR 5517 [b]).

Ordered that the order dated June 19, 1995, is reversed, on the law and as an exercise of discretion, without costs or disbursements, the appellant's motion, in effect, for renewal is granted, and upon renewal, the order dated May 10, 1995, is vacated and the matter is remitted to the Surrogate's Court, Queens County, for a hearing in accordance herewith.

The decedent, Sara Ross, died on August 10, 1992. Upon her death, the appellant was appointed and qualified as preliminary executrix in connection with the decedent's will. Preliminary letters testamentary were issued on October 28, 1994, with the provision that they would expire 180 days after being issued unless further extended by the court. Thereafter, an application was made by the appellant's former counsel to extend the preliminary letters testamentary and, in connection therewith, a "cash flow statement" was prepared delineating all transactions that had passed through the estate. No mention was made in the cash flow statement of the estate taxes being paid. The cash flow statement also advised the court that the appellant had executed a deed conveying real property of the decedent to a specific devisee named in the will.

On May 10, 1995, the Surrogate's Court issued a decision and order finding that the alleged nonpayment of estate taxes and the transfer of real property to the specific devisee, constituted "waste", and denying the application to extend the preliminary testamentary letters previously issued. Additionally,

the court, *sua sponte,* revoked the preliminary testamentary letters previously issued to the appellant and appointed the Public Administrator of Queens County as temporary administrator of the estate.

Thereafter, the appellant moved, in effect, to renew her application to extend the preliminary testamentary letters, on the ground that certain material and relevant information was not considered by the court. This motion was denied by order dated June 19, 1995.

The appellant argues, *inter alia,* that the Surrogate's Court abused its discretion in removing her as the preliminary executrix without notice and/or a hearing.

Upon reviewing the denial of the motion, in effect, to renew, pursuant to CPLR 5517 (b), it is clear that reversal is required. Upon our review of the record, and particularly the evidence proffered in connection with the motion for renewal, the court's removal of the appellant from her position as executrix was not warranted. At the very least, there exist sufficient mitigating facts to mandate a hearing *(see, Matter of Duke,* 87 NY2d 465).

In light of our determination remitting this matter for a hearing, we need not address the parties' remaining contentions. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.