■ In the Matter of the Estate of EDWARD MAKOWSKI, Deceased. JOSEPHINE GRACZYK et al., Respondents; DAVID DALE, Appellant. (Appeal No. 1.) [787 NYS2d 589]—

Appeal from an order of the Surrogate's Court, Erie County (Joseph S. Mattina, S.), entered April 7, 2003. The order, inter alia, removed respondent David Dale as executor of the estate for a period of 90 days, appointed HSBC Bank USA as successor executor for a period of 90 days, directed respondent David Dale to provide an interim accounting and to turn over the complete assets of the estate to the successor executor.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: In appeal No. 1, respondent appeals from an order that, inter alia, removed him as executor of decedent's estate for a period of 90 days, appointed HSBC Bank USA as successor executor for a period of 90 days, and directed respondent to provide an interim accounting. In appeal No. 2, respondent appeals from an order that, inter alia, permanently removed respondent as executor of decedent's estate based on his failure to provide an adequate interim accounting and appointed HSBC Bank USA as permanent successor executor.

Respondent contends that he was denied his due process rights with respect to appeal No. 1 by his temporary removal as executor of decedent's estate and with respect to appeal No. 2 by his permanent removal based on the inadequacy of his interim accounting submitted to Surrogate's Court. We reject respondent's contention in each appeal. With respect to appeal No. 1, the court had a sufficient basis for the temporary removal of respondent because the evidence establishes that respondent "wasted or improperly applied the assets of the estate . . . or otherwise improvidently managed . . . the property committed to his charge" (SCPA 711 [2]; *see* 719 [10]; *see generally Matter of Duke*, 87 NY2d 465, 473 [1996]). The testimony at the hearing conducted before the issuance of the order in appeal No. 1 establishes that the New York State Department of Taxation informed one of the beneficiaries of decedent's estate that it did not receive any tax returns or tax payments for the 2001 tax year and there were no debits from the estate checking account corresponding to the tax payments allegedly made by respondent. Additionally, respondent could not explain why the New York State Department of Taxation never received the tax payment he allegedly sent; he did not contest his errors on the copies of the state and federal estate tax returns from his file; he had no proof that he filed the returns or paid the taxes; and he offered no excuses or explanations for those errors and failures. The court was entitled to discredit the claims of re-

spondent that he did file the tax returns, or that he would amend them in the absence of proof that he kept clear and accurate accounts (*see Matter of Camarda*, 63 AD2d 837 [1978]). Contrary to respondent's contentions, the evidence presented at the hearing established that the estate tax returns had not been filed and thus that the assets of the estate were thereby threatened (*see generally Matter of Farber*, 98 AD2d 720 [1983]). Respondent presented no mitigating evidence for his failure to file the returns correctly or in a timely fashion (*cf. Matter of Ross*, 231 AD2d 640, 641 [1996], citing *Duke*, 87 NY2d 465 [1996]).

With respect to appeal No. 2, the court acted within its discretion and did not violate respondent's due process rights when it permanently removed respondent as executor because his interim accounting did not meet the minimal legal requirements for an accounting (*see* SCPA 719 [1]), nor did his interim accounting comply with the terms specified by the court with respect thereto. The court directed respondent to file an interim accounting that was "specific in every detail" and "with necessary proof attached," including proof of when, where, and to whom the estate assets, debts and taxes were transferred. The interim accounting submitted by respondent was not verified (*see* SCPA 303), nor did it contain the requisite details and proof thereof or otherwise comply with Uniform Rules for Trial Courts (22 NYCRR) § 207.40.

We have reviewed respondent's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Pine, Gorski and Lawton, JJ.