■ DOROTHY M. DiSANTO, Respondent, v FRANK J. DiSANTO, Appellant. [816 NYS2d 520]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Ross, J.), dated December 21, 2004, which denied his motion, inter alia, to hold the plaintiff in contempt for allegedly misrepresenting her assets in her revised net worth statement, and to award him a $158,000 credit against support arrears owed to the plaintiff because of an alleged sale by her of marital property.

Ordered that the appeal from so much of the order as denied that branch of the defendant's motion which was to award him a $158,000 credit against support arrears owed to the plaintiff because of an alleged sale by her of marital property is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The defendant did not submit clear and convincing evidence to substantiate his claim that the Supreme Court should have adjudged the plaintiff in contempt for misrepresenting her assets in her revised net worth statement (*see Rienzi v Rienzi,* 23 AD3d 447, 448-449 [2005]; *Raphael v Raphael,* 20 AD3d 463, 463-464 [2005]; *Vujovic v Vujovic,* 16 AD3d 490, 491 [2005]).

The defendant's arguments regarding a prior order of the Supreme Court, Nassau County, dated June 10, 2003, are not properly before this Court, as he did not file a notice of appeal from that order (*see* CPLR 5513 [a]).

The defendant's arguments regarding one of the Supreme Court's factual findings at a contempt proceeding held on May 14, 2003, which resulted in the order dated June 10, 2003, are not properly before this Court since findings of fact are not separately appealable (*see* CPLR 5512; *Napolitano v Kaddoch,* 275 AD2d 445 [2000]).

Without the transcript of the deposition at which the plaintiff allegedly admitted to improperly selling marital property, this Court cannot render an informed decision upon the propriety of the Supreme Court's denial of that branch of the defendant's motion which was to grant him a $158,000 credit against sup-

port arrears owed to the plaintiff because of the alleged sale (*see* CPLR 5526; *Gerhardt v New York City Tr. Auth.*, 8 AD3d 427 [2004]; *Bernstein v Bernstein*, 122 AD2d 96 [1986]).

The defendant's remaining contentions are without merit. Crane, J.P., Goldstein, Rivera and Dillon, JJ., concur.