JP Morgan Chase, Appellant, v J.H. Electric of New York, Inc., Respondent. [893 NYS2d 237]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In 2007 the plaintiff, as assignee of the receivables of Hallmark Electrical Supplies Corp. (hereinafter Hallmark), commenced this action to recover damages in the sum of $108,323.01 based on accounts receivables for goods sold and delivered by Hallmark to the defendant. The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, asserting that the complaint was conclusory and

legally insufficient, and the Supreme Court granted the motion. We reverse.

"On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must afford the pleadings a liberal construction, accept the allegations of the complaint as true, and provide the plaintiff the benefit of every possible favorable inference" (*Halliwell v Gordon,* 61 AD3d 932, 933 [2009]; *see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.,* 5 NY3d 582, 591 [2005]; *Leon v Martinez,* 84 NY2d 83, 87 [1994]; *Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]). The test to be applied is whether the complaint "gives sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved and whether the requisite elements of any cause of action known to our law can be discerned from its averments" (*Moore v Johnson,* 147 AD2d 621, 621 [1989], quoting *Pace v Perk,* 81 AD2d 444, 449 [1981]; *see Conroy v Cadillac Fairview Shopping Ctr. Props. [Md.],* 143 AD2d 726 [1988]).

Applying these principles to the instant matter, we find that the complaint adequately alleges all of the essential elements of a cause of action to recover damages for breach of contract, to wit: the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages (*see Agway, Inc. v Curtin,* 161 AD2d 1040, 1041 [1990]; *Furia v Furia,* 116 AD2d 694, 695 [1986]). Accordingly, the complaint sufficiently stated a cause of action to recover damages for breach of contract (*see* CPLR 3211 [a] [7]).

The defendant's remaining contention is not properly before this Court (*see DiSanto v DiSanto,* 29 AD3d 935 [2006]). Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.