■ In the Matter of the Judicial Settlement of the Account of HSBC Bank USA, NA, as Successor Executor of Edward Makowski, Deceased, Respondent. In the Matter of the Judicial

Settlement of the Accounts of DAVID DALE, as Executor of EDWARD MAKOWSKI, Deceased, Appellant. In the Matter of the Application for Removal of the Executor of EDWARD MAKOWSKI, Deceased. In the Matter to Compel the Fiduciary to Account in the Estate of EDWARD MAKOWSKI, Deceased. [899 NYS2d 777]—

Appeal from an order of the Surrogate's Court, Erie County (Barbara Howe, S.), entered September 23, 2008. The order, inter alia, denied the request of David Dale, as executor of the estate of Edward Makowski, deceased, for a decree exonerating him with respect to a prior order removing him as executor.

It is hereby ordered that the order so appealed from is unanimously affirmed with costs.

Memorandum: David Dale, the executor of decedent's estate before HSBC Bank USA, NA (HSBC) became the successor executor, appeals from an order denying his request for the issuance of a proposed decree that would, inter alia, "exonerate[ ]" him in connection with a prior order removing him as executor based on "his failure to provide an adequate interim accounting" (*Matter of Makowski*, 13 AD3d 1210, 1211 [2004]). We previously determined that Surrogate's Court did not violate Dale's due process rights when it permanently removed Dale as executor "because his interim accounting did not meet the minimal legal requirements for an accounting (*see* SCPA 719 [1]), nor did his interim accounting comply with the terms specified by the court with respect thereto" (*id.* at 1212). We reject the contention of Dale that the stipulation of discontinuance executed by him, as well as the attorney of record for HSBC and the beneficiaries of the estate, restored him to the position of executor of the estate and nullified only those prior orders that were adverse to him. Pursuant to the terms of the stipulation of discontinuance, the actions referenced therein were "discontinued on the merits." By discontinuing an action, "the action is as if it never had been" (*Loeb v Willis*, 100 NY 231, 235 [1885]; *see Hotel Prince George Affiliates v Grimbilas*, 241 AD2d 302, 303 [1997], *lv dismissed* 91 NY2d 887 [1998], *rearg denied* 91 NY2d 957 [1998]). Thus, there was no pending action in which the Surrogate could issue Dale's proposed decree (*see Herald Sq. Foot Care Assoc. v Indemnity Ins. Co. of N. Am.*, 257 AD2d 551 [1999]; *D'Amico v Nuzzo*, 194 AD2d 761 [1993]).

Dale's contentions with respect to an order entered in March

2009 are not properly before us because Dale did not file a notice of appeal with respect to that order (*see* CPLR 5513 [a]; *DiSanto v DiSanto*, 29 AD3d 935 [2006]). In any event, to the extent that it appears on the record before us that Dale contends with respect to that order that the Surrogate erred in refusing to recuse herself, we note that the request for recusal was made in a "responding affidavit" rather than by way of a motion on notice pursuant to CPLR 2211, and no appeal as of right would lie from that order (*see* CPLR 5701 [a] [2]; *New York State Div. of Human Rights v Oceanside Cove II Apt. Corp.*, 39 AD3d 608, 609 [2007]). We note in addition that we are unable to conduct meaningful appellate review of any contentions with respect to that order because there is no proper record on appeal concerning the order (*see* 22 NYCRR 1000.4 [a] [2]; *Mergl v Mergl*, 19 AD3d 1146 [2005]). Finally, the contention of Dale that this Court should recuse itself is made for the first time in his appellate brief rather than by way of a motion pursuant to 22 NYCRR 1000.13 and thus is not properly before us. Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.