OPINION OF THE COURT
John M. Curran, J.
Before the court is defendant Erie County Medical Center Corporation’s (ECMC) motion to dismiss the complaint with prejudice pursuant to CPLR 3211 (a) (5) and Public Authorities Law §§ 2981 and 3641. ECMC argues that plaintiff has failed to serve a notice of claim within the statute of limitations and therefore the court is compelled to dismiss the complaint.
Background
Plaintiff alleges that ECMC committed medical malpractice and/or negligence in the treatment provided to decedent, Wendy Reardon, at ECMC between November 26, 2007 and December 26, 2007. Reardon was admitted to ECMC allegedly due to her taking an overdose of drugs in a suicide attempt. Shortly after her release from ECMC, Reardon committed suicide on or about January 3, 2008. Plaintiff also alleges a cause of action for wrongful death.
After Reardon’s death, a legal guardian was appointed for her minor son. The guardian petitioned for the appointment of a public administrator on September 23, 2008, approximately nine months after Reardon’s death. Plaintiff Mosey was appointed public administrator of the estate. The matter was initially investigated by one law firm and then, on March 10, 2009, referred to a second firm. Plaintiffs current counsel is the third law firm involved in this matter.
On or about March 28, 2009, more than one year and four months after Reardon was discharged from ECMC, plaintiff served a notice of claim. Because the notice of claim was served outside the statutorily-prescribed 90-day period from the date of accrual, plaintiff was required to petition Supreme Court for leave to serve a late notice of claim.
On April 2, 2009, plaintiff petitioned for leave to serve a late notice of claim under index No. 12009/3862 (Notice of Claim proceeding). On that same date, plaintiff commenced an action *242 sounding in medical malpractice/negligence and wrongful death under index No. 12009/3863 (First Action). Since the statute of limitations for negligence and medical malpractice as it relates to ECMC is one year and 90 days, the application was made eight days after the statute of limitations for that claim had expired. Accordingly, Justice Frank A. Sedita, Jr., at special term on July 28, 2009, with consent from plaintiff’s prior counsel, denied plaintiffs application with respect to alleged conscious pain and suffering premised on ECMC’s alleged negligence/malpractice. However, the court granted leave to serve a late notice of claim for a cause of action sounding in wrongful death as the statute of limitations had not yet expired. Justice Sedita’s order was granted August 7, 2009 and filed in the Erie County Clerk’s Office on August 11, 2009.
On August 11, 2009, ECMC was served with a notice of claim as well as the summons and complaint in the First Action. Both the summons and complaint and notice of claim contained claims for pain and suffering, personal injury, psychological trauma, and medical malpractice. Because these claims were not allowed under Justice Sedita’s order, ECMC moved to dismiss the complaint and to strike the notice of claim. This motion was served under index No. 12009/3862 (Notice of Claim proceeding). Before the motion was heard, plaintiff provided ECMC with a stipulation of discontinuance, without prejudice, bearing index No. 12009/3862 (Notice of Claim proceeding). The stipulation was filed on November 9, 2009.
It bears noting that the motion to dismiss the complaint was served by ECMC under the special proceeding index No. 12009/ 3862 (Notice of Claim proceeding), in which no complaint had been served (the complaint was served under index No. 12009/ 3863 — First Action). The stipulation of discontinuance also was apparently prepared by plaintiffs then-counsel under index No. 12009/3862 (Notice of Claim proceeding), the same matter in which the motion had been served.
On April 20, 2010, plaintiff, through her current counsel, commenced the present action containing claims for negligence/ medical malpractice and wrongful death (Second Action). The Second Action is almost identical to the First Action and also references the April 2, 2009 notice of claim which was served pursuant to Justice Sedita’s order in the Notice of Claim proceeding. Plaintiff concedes that the claim for pain and suffering damages under negligence and/or medical malpractice theories is no longer viable. Thus, the only issue before the court is whether the wrongful death claim survives.
*243 Upon the initial return date, the court pointed out the apparent mistake made by the parties in having the 2009 motion to dismiss served in the wrong proceeding (index No. 12009/3862) and the subsequent filing of the stipulation of discontinuance, without prejudice, in that same proceeding. The court adjourned the motions and afforded the parties an opportunity to submit memoranda of law as to the effect, if any, of these apparent mistakes.
Neither party submitted any further briefing but plaintiff served a motion in the First Action to vacate the stipulation of discontinuance filed in the Notice of Claim proceeding. ECMC has cross-moved to dismiss the complaint in the First Action as well. These motions are still under consideration by the court.
Argument
ECMC argues that plaintiff failed to satisfy a condition precedent to this action for failure to serve a notice of claim. ECMC asserts that while Justice Sedita may have granted plaintiffs application for leave to serve a late notice of claim as to the wrongful death claim in the First Action (index No. 12009/3863), the subsequent discontinuance of the Notice of Claim proceeding (index No. 12009/3862) renders that order a nullity. Thus, since the present action was commenced outside the relevant statute of limitations for the wrongful death claim (i.e., more than two years later), the court is without authority to exercise its discretion to now grant leave to serve a late notice of claim.
ECMC further asserts that notwithstanding the notice of claim issue, this action was commenced outside the relevant statutes of limitations (as discussed above) and must therefore be dismissed. Specifically, ECMC asserts the wrongful death claim accrued on January 3, 2008, and expired on January 3, 2010.
In opposition, plaintiff contends that prior counsel signed the stipulation of discontinuance without prejudice so that a new action could be refiled alleging only the wrongful death claim as per Justice Sedita’s ruling. In accordance with that understanding, the Second Action, commenced April 20, 2010, references the April 2, 2009 notice of claim which was timely served with respect to the wrongful death claim per Justice Sedita’s order.
Plaintiff also states that the application seeking leave to file a late claim tolled the statute of limitations pursuant to CPLR 204 (a). Thus, according to plaintiff, the statute of limitations for wrongful death was tolled from April 2, 2009 (when the peti *244 tion to serve the late notice of claim was filed) to August 11, 2009 (when the court granted the petition in part). Plaintiff claims that the statute of limitations for wrongful death did not expire until May 14, 2010.
Analysis
The essence of ECMC’s argument is that the order authorizing a late notice of claim for the wrongful death cause of action is a nullity because a stipulation of discontinuance was filed in the proceeding commenced to procure leave. “When an action is discontinued, it is as if it had never been; everything done in the action is annulled and all prior orders in the case are nullified” (Newman v Newman, 245 AD2d 353, 354 [2d Dept 1997]; Loeb v Willis, 100 NY 231 [1885]; see also Matter of HSBC Bank USA, N.A. [Makowski], 72 AD3d 1515, 1516 [4th Dept 2010]; Weldotron Corp. v Arbee Scales, 161 AD2d 708 [2d Dept 1990]). Here, although plaintiff obtained an order granting leave to file a late notice of claim, that action was discontinued via the stipulation filed on November 9, 2009. Thus, according to ECMC, when the present action was commenced on April 20, 2010, there was no timely or valid notice of claim in effect — a condition precedent to maintaining this action.
ECMC has correctly cited the rule regarding the effect a stipulation of discontinuance has in an action or proceeding, at least with respect to one which states that the action is “discontinued on the merits” (Matter of Makowski, 72 AD3d at 1516). Still, the cases relied upon by ECMC are distinguishable on their facts as the invocation of the rule in those cases was for a different purpose than exists here (Matter of Makowski [party sought affirmative relief in a proceeding discontinued on the merits without also seeking to set aside a stipulation of discontinuance by motion or plenary action]; Newman, 245 AD2d 353 [defendant was not permitted to seek affirmative relief where divorce action had been voluntarily discontinued by plaintiff by notice before filing and service of a complaint]; Loeb, 100 NY at 235 [no estoppel arose from foreclosure action voluntarily discontinued by plaintiff via court order]). Here, ECMC seeks to affirmatively invoke the rule to deprive plaintiff of the benefit of a lawfully obtained order under circumstances strongly suggesting a mutual mistake and/or scrivener’s error in the use of the wrong index number for the 2009 motion to dismiss and stipulation of discontinuance. There also is no issue here involving res judicata or collateral estoppel because plaintiff is not *245 arguing that the order from Justice Sedita has any preclusive effect but merely afforded plaintiff discretionary leave to serve a late notice of claim.*
Furthermore, a rigid application of the rule relied upon by ECMC on this record would undercut the court’s power to “exercise supervisory control over all phases of pending actions and proceedings” and to “relieve parties from the consequences of a stipulation effected during litigation” (Teitelbaum Holdings v Gold, 48 NY2d 51, 54 [1979]). The court cannot in good conscience ignore the apparent evidence of a mutual mistake in the use of the wrong index number on the motion to dismiss and the stipulation of discontinuance in the Notice of Claim proceeding. If a mutual mistake is established by clear and convincing evidence (see e.g. Hallock v State of New York, 64 NY2d 224 [1984]; Matter of Janet L., 287 AD2d 865, 866 [3d Dept 2001]), plaintiff would then be in a position to have the court vacate the stipulation of discontinuance and thereby cure the key deficiency argued by ECMC (i.e. the absence of an existing order authorizing service of a late notice of claim). The same may be true if plaintiff is able to establish a scrivener’s error in the preparation of the stipulation of discontinuance (see e.g. Ebasco Constructors v Aetna Ins. Co., 260 AD2d 287, 289 [1st Dept 1999]).
Plaintiff has not argued in this record that the parties made a mutual mistake in filing the stipulation of discontinuance in the wrong action. ECMC is therefore within its rights to argué that it should be permitted to rely upon the errors which have-resulted in the current state of the record before the court and procure dismissal of the Second Action. The court would then have to ignore the mutual mistake arguments raised by plaintiff in the motion subsequently made in the First Action. To avoid fundamental error and injustice, the court is compelled to take judicial notice of those arguments in considering ECMC’s motion to dismiss (Prince, Richardson on Evidence § 2-209 [Farrell 11th ed]).
Plaintiffs motion to vacate the stipulation of discontinuance in the Notice of Claim proceeding was brought in the First Action. While the court surmises that plaintiffs counsel may have perceived that the Notice of Claim proceeding was unavailable for a motion because it had been discontinued, plaintiff has not *246 cited any authority supporting an order in one action vacating a stipulation in a different action. In any event, the use of motion procedure, rather than a plenary action, is almost certainly error (Teitelbaum Holdings, 48 NY2d at 56; Moshe v Town of Ramapo, 54 AD3d 1030 [2d Dept 2008]; Matter of Drake, 278 AD2d 929, 930 [4th Dept 2000]).
Nevertheless, the Court of Appeals has recognized that, to reduce the burden on the parties and conserve judicial resources, the best course of action in an appropriate case may be an evidentiary hearing on a motion under CPLR 2218 (Teitelbaum Holdings, 48 NY2d at 55 n 2). In this case, because there is only one remaining cause of action (wrongful death), and the parties and the court have already dedicated significant resources to this matter, an evidentiary hearing is the best course of action. The hearing will focus on the question of whether the parties were mistaken in using the Notice of Claim proceeding (index No. 12009/3862) for the 2009 motion to dismiss and stipulation of discontinuance. It is anticipated that the attorneys involved (Robert D. Steinhaus, Esq. and Mark R. Affronti, Esq.) will testify. At the conclusion of the hearing, the parties will be entitled to submit further memoranda of law as to at least the following issues: (a) whether there is clear and convincing evidence of mutual mistake; and (b) whether the stipulation of discontinuance, if appropriate, may be vacated by motion in the proceeding (index No. 12009/3862) or must such relief be sought in a plenary action.
Finally, in the interest of judicial economy and for the benefit of the parties, the court has considered the tolling issue raised by plaintiff. The court agrees with plaintiff that the statute of limitations was tolled pursuant to CPLR 204 (a) and that the statute’s expiration date was May 14, 2010. As a result, the wrongful death action was timely commenced, albeit perhaps defectively so, as discussed above.

 Justice Sedita’s order did not set forth an expiration date for service of the notice of claim.