■ In the Matter of GODWIN AJALA, Deceased. In the Matter of UCHECHUKWU AJALA and Others. MABEL UDU AJALA et al., Appellants; VICTORIA AJALA, Respondent. [922 NYS2d 352]—

Order, Surrogate's Court, New York County (Kristin Booth Glen, S.), entered on or about April 22, 2010, which vacated its prior decree of May 2, 2006 appointing appellants Mabel Udu Ajala and Sebastian O. Ibezim as coguardians of the property of the subject infants and dismissed appellant Mabel Ajala's petition for the release to her, on behalf of the infants, of certain funds awarded decedent's estate by the September 11th Victims Compensation Fund (VCF), unanimously affirmed, without costs. Order, same court and Surrogate, entered September 8, 2010, which, to the extent appealable, denied appellants' motion seeking: the court's recusal; vacatur of the court's April 22, 2010 order; leave to renew and/or reconsider the court's April 22, 2010 order; and a determination of the aforementioned petition for the release of VCF funds awarded decedent's estate, unanimously affirmed, without costs.

We find the court did not abuse its discretion or violate appellants' due process rights by sua sponte vacating its May 2, 2006 decree granting appellants letters of guardianship. Pursuant to the Surrogate's Court Procedure Act § 707 (1) (c), Mabel Ajala, as a nonresident alien, was ineligible to serve with Sebastian, a nonresident of the State of New York, as sole cofiduciary (see Matter of Makowski, 13 AD3d 1210 [2004]). Contrary to appellants' argument that Mabel Ajala fell within an exception to SCPA 707 (1) (c) for an ancillary foreign guardian under SCPA 1716 (4), there is no record evidence that Mabel Ajala applied for such ancillary letters of guardianship, or submitted the documents required for such application.

Hence, the court properly dismissed appellant Mabel Ajala's petition to release the subject funds because Mabel Ajala lacked standing. Moreover, the petition did not constitute a prior act in Ajala's capacity as fiduciary within the meaning of SCPA 720 (*compare Matter of Grillo*, 26 AD3d 376 [2006]).

In addition, contrary to appellants' arguments, the record does not reflect any conduct demonstrating that the court's impartiality might reasonably be questioned or that the court has a personal bias or prejudice concerning a party (*see* 22 NYCRR 100.3 [E] [1] [a] [i]; *Matter of Petkovsek v Snyder*, 251 AD2d 1086 [1998]; *compare Matter of Murphy*, 82 NY2d 491 [1993]).

Finally, to the extent that appellants sought leave to renew the court's April 21, 2010 order, even assuming such motion was properly made pursuant to CPLR 2221 (a), appellants failed to demonstrate the existence of new facts not offered on the prior motion or material changes in circumstances which warranted the grant of such relief in the interest of justice (*compare Strong v Brookhaven Mem. Hosp. Med. Ctr.*, 240 AD2d 726 [1997]). Concur—Andrias, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.